THE STATE, THE FIRST REFORMED DUTCH CHURCH OF
NEW BRUNSWICK, PROSECUTOR, v. MICHAEL LYON,
ASSESSOR.

The supplement to the tax law, passed.April 10th, 1866, exempts from
taxation the endowment or fund of any religious society. *Held,* that
the parsonage belonging to the church, although purchased by the
voluntary contributions of the members of the congregation, was
liable to taxation as real estate.

*Certiorari.*   In matter of tax.

Argued before Justices ELMER, BEDLE, and DALRIMPLE,
by—

*A. V. Schenck,* for prosecutors, and

*H. V. Speer,* for the defendant.

The opinion of the court was delivered by
BEDLE, J.   The prosecutors own a house and lot in New
Brunswick, used and occupied as a parsonage.   This was as-
sessed in 1866, as " The Reformed Dutch Church Parsonage."
The question for decision is, whether, under the supplement
of April 11th, 1866, (*Laws,* 1866, *p.* 1079, § 5,) it is exempt
from taxation.

The second subdivision of section five exempts the *endow-
ment or fund* of any religious society, and it is claimed that
this parsonage is an *endowment* of the church, because the
money for its purchase was raised by the voluntary contribu-
tions of the members of the congregation.   In what sense is
the word *endowment* used in that act ?   Three classes of prop-
erty are exempted in the fore part of the second subdivision :

1. Certain real estate, viz., " all colleges, academies, or
seminaries of learning, public libraries, school-houses, build-
ings erected and used for religious worship, and the land

whereon the same are situate, necessary to the fair use and enjoyment thereof, not exceeding five acres for each one." These objects of exemption are all to be classed as real estate.

2. Certain goods and chattels, viz., "the furniture thereof and the personal property used therein." The words "personal property," here mean chattels of a movable and tangible character, as, for instance, the books of a college or public library.

3. "The endowment or fund of any religious society, college, academy, seminary of learning, or public library."

These words, "endowment or fund," are *ejusdem generis*, and intended to comprehend a class of property different from the other two, not real estate or chattels. The only difference between the words is, that *the fund* is a general term, including the *endowment;* while the endowment is that particular fund, or part of the fund, of the institution, bestowed for its more permanent uses, and usually kept sacred for the purposes intended.

The word "endowment" does not, in the sense of the act, include real estate, and, therefore, this parsonage is not exempt from taxation.

Parsonages with lots attached, not to exceed five thousand dollars in value, were exempted in terms, by the act of 1863, (*Laws,* 1863, *p.* 502, § 3.) That act is repealed by the act of 1866, and if the legislature had intended to continue the exemption of parsonages, and to an unlimited value, it is not reasonable to believe that they would have left it to the mere construction that might be forced out of the word "endowment."

The assessment must be affirmed.

Justices ELMER and DALRIMPLE concurred.

APPROVED, *State* v. *Krollman, Collector,* 9 *Vroom* 323; *S. C.,* 9 *Vroom* 576; *State, Church of the Redeemer, pros.,* v. *Axtell,* 2 *Vroom* 119.