WILLIAM B. BATES, administrator, *vs.* ATKINS H. BATES.

Essex.   Nov. 9, 1882. — Jan. 9, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

A testator provided in his will for the erection of a monument in memory of himself and his wife, at a cost named. His wife left a will, which, after giving several specific legacies, contained the following residuary clause: "My house and furniture, silver plate, fixtures and everything to be sold, if there should not be enough from my husband's estate for a monument, I wish to have my money expended for a monument of granite, . . . . if there should be money enough left from my husband's estate. I want a memento of Hope, Faith and Charity, the expenses to be taken from my own estate, and his name cut on the steps, the remainder left I wish it to be kept in trust to beautify and keep the it in good order. I wish this to be carried strictly through." *Held,* that the testatrix intended to direct that her house and other property should be sold for the purpose of erecting the monument provided for by her husband's will with the proceeds, in case his estate should not be sufficient for that purpose; that, in case there was money enough for that purpose from his estate, a memento was to be erected, at the expense of her own estate, which was to

be a design of Hope, Faith and Charity, upon which her husband's name was to be cut; and that the remainder of her property was to be held in trust to beautify and keep in order the monument.

A provision in a will, establishing a fund for the preservation, adornment and repair of a private monumental structure, creates a perpetuity for a use not charitable, and is void.

A right, given by a will, to sell property for an object which cannot be accomplished, cannot itself be exercised.

DEVENS, J. The question in this case arises upon an alleged breach of contract by the defendant, in declining to accept a conveyance from the plaintiff of a certain house and land in Salem, which he had in writing agreed to purchase for a fixed sum, upon receiving a satisfactory deed thereof. The deed tendered is in proper form, and duly executed by the plaintiff, as administrator with the will annexed; but the defendant denies that the plaintiff has the right to sell the said real estate in his capacity as administrator, and asserts that the instrument tendered does not convey a good title. The right of the administrator to sell the real estate, which was a part of that of which Mrs. Hannah M. Johnson died seised, depends upon the residuary clause of her will, which has been admitted to probate. Her husband, William O. Johnson, had died before her, and by his will had provided for the erection of a monument in memory of himself and his wife, at an expense of $3500. The sum of $3000 was to be expended for the monument, and $500 to be retained in the hands of trustees. This monument has since been constructed, substantially like that described in the will of Mrs. Johnson, at an expense of about $3000, from the funds of the husband's estate, and the sum of $500 remains in the hands of the trustees named in his will for its repair, and for beautifying the lot upon which it stands, which is more than sufficient for that purpose.

In regard to this bequest, no question is presented, and it is only to be considered as it may bear upon the interpretation of Mrs. Johnson's will. This was apparently made when some uncertainty existed whether her husband's property would be sufficient to provide for all his bequests. After bestowing a large number of specific legacies, the residuary clause occurs, which, as written and punctuated, is quite unintelligible. If mere changes in punctuation will make that intelligible which otherwise is not so, and if the meaning thus evolved is apparently in

accordance with the general phraseology of the will, or the sentence in which it is found, it may be safely adopted.

The residuary clause is as follows: " My house and furniture, silver plate, fixtures and everything to be sold, if their should not be enough from my husband's estate for a monument, I wish to have my money expended for a monument of granet with four pillows like one in the grove, only larger, if their should be money enough left from my husband's estate. I want a momento of Hope, Faith and Charity, the expences to be taken from my own estate, and his name cut on the steps, the remainder left I wish it to be kept in trust to beautify and keep the it in good order. I wish this to be carried strictly through."

Without any changes in punctuation, a general design may be seen here to direct her house, &c. to be sold for the purpose of erecting the monument provided for by her husband's will with the proceeds, in case his estate should not be sufficient for that purpose, except that it is to be larger than the monument to which reference is made for a description; that in case there is money enough for that purpose from her husband's estate, a memento is to be erected at the expense of her own estate, which is to be a design of Hope, Faith and Charity, upon which memento her husband's name is to be cut; and that the remainder of her property is to be kept in trust to beautify and keep in order the monument. The residuary clause may, without changing, transposing or introducing words, be read intelligibly by altering punctuation and orthography only, thus: " My house, furniture, silver plate, fixtures and everything to be sold. If there should not be enough from my husband's estate for a monument, I wish to have my money expended for a monument of granite with four pillars like the one in the grove, only larger. If there should be money enough left from my husband's estate, I want a memento of Faith, Hope and Charity, the expenses to be taken from my own estate and his name cut on the steps: the remainder left I wish it to be kept in trust to beautify and keep the *it* in good order." We cannot doubt that the pronoun " it " in the last line refers to the monument or the memento, whichever should be erected by her estate. The residuary clause concludes with the words, " I wish this to be carried strictly through."

The language by which the testatrix provides that her house, furniture, &c. are to be sold, is in substance a direction that such a sale shall be made by the executor of her will. Followed immediately, as it is, by the expression of her wish that her money shall be expended in a particular way, it is shown that she intends that the property named by her is to be turned into money, in order that the money thus raised should be expended for the purposes stated by her. If these purposes for any reason· cannot be carried out, the right to sell given by the will ceases. The object for which the power was given must exist in order that the right to exercise it may exist. If one by his will should. charge a pecuniary legacy upon a specified piece of real estate;. and should direct his executor to sell such piece to satisfy the legacy, if the legacy were to lapse, the power to sell would fail. The scheme of the testatrix was in part to erect a monument, or, if that should be accomplished at the expense of the estate of her husband, then a memento, as she terms it.

The monument was erected at the expense of the husband's estate, and, as the facts agreed show, the erection of the memento has already been accomplished: for that purpose it is not now necessary to sell the real estate. It will not be important, therefore, to consider whether this provision could be separated from that which provides for the sale of the real estate, in order to constitute a permanent fund for beautifying and keeping it in order, to which the remainder, after erecting the monument or memento, was to be devoted. Funds cannot be established indefinitely inalienable in the hands of those to whom they are entrusted, and their successors, the income of which is to be perpetually devoted to uses which are not, legally speaking, charitable. To charities the rule of public policy which forbids this does not apply. *Odell* v. *Odell*, 10 Allen, 1. That the testatrix sought to create a fund in perpetuity for the beautifying and keeping in repair the monument or memento clearly appears, and the inquiry therefore is whether this is a charitable use.

The St. of 43 Eliz. *c.* 4, so far as it recognizes, defines or indicates what are charitable uses, has frequently been held to be a part of our common law. *Earle* v. *Wood*, 8 Cush. 430, 445. In determining what are charitable uses, we are not limited by the

enumeration of them as contained in that statute, which is an attempt to show by familiar examples what classes or kinds of uses are to be considered charitable, or so beneficial to the public as to be entitled to the same protection as strictly charitable uses, rather than a complete specification of them. *Drury* v. *Natick*, 10 Allen, 169. But, that it may be charitable, the use must be of such a character that the general public is to have the advantage of it, and not merely individuals. In *Giles* v. *Boston Fatherless & Widows' Society*, 10 Allen, 355, where a gift had been made to a charitable society upon condition that it should keep the tomb of the testator in repair, it was remarked that it might well be doubted " whether this condition to maintain a private tomb or burial-place was not void, as tending to create a perpetuity." It was not thought necessary there to decide the question ; because, if void, it did not defeat the gift, and, if valid, it had been sufficiently complied with. But an examination of the authorities there cited, with others, will show that it has been repeatedly held that a bequest to provide a fund for the permanent care of a private tomb or burial-place could not be treated as a public charity and thus made perpetual, and that such bequest would be void. *Durour* v. *Motteux*, 1 Ves Sen. 320. *Doe* v. *Pitcher*, 6 Taunt. 359, 37.0. *Lloyd* v. *Lloyd*, 2 Sim. (N. S.) 255, 264. *Rickard* v. *Robson*, 31 Beav. 244. *Fowler* v. *Fowler*, 33 Beav. 616. *Carne* v. *Long*, 8 W. R. 570. *Mellick* v. *Asylum*, Jacob, 180.

No distinction between these cases and that at bar can be made favorable to the latter. The repair of a private monumental structure is a matter strictly individual and personal. The fund constituted by the testatrix is to be expended for her own gratification, upon an object in which the public has no interest, and which has no proper similitude to a charitable use. " It stands," as the Master of the Rolls remarks in *Mellick* v. *Asylum*, *ubi supra*, " on the same footing as an expensive funeral."

The statutes of Massachusetts have permitted cemetery corporations to hold money in trust to apply the income to the care, preservation or embellishment of any lot. or its appurtenances. Where towns have provided cemeteries, they have also been permitted to receive money to the amount of five hundred dollars

for the care and preservation of a lot held by any individual. Pub. Sts. c. 82, §§ 8, 17.

These statutory provisions have here no application. The provision in the testatrix's will, establishing a fund for the preservation, embellishment and repair of the monument or memento erected by her, is therefore void, as it seeks to create a perpetuity for a use not charitable. The right to sell, having been given for an object which cannot be accomplished, cannot itself be exercised. The result is that the plaintiff has not made a good title to the defendant by his deed.

*Judgment for the defendant affirmed.*

*J. A. Gillis*, for the plaintiff.

*W. H. Gove*, for the defendant.