In the Matter of the Transfer Tax upon the Estate of
GERARD BEEKMAN, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appel-
lant; THE BEEKMAN FAMILY ASSOCIATION et al.,
Respondents.

Transfer tax — will — devise to corporation — whether corpo-
ration exempted from transfer tax to be determined from arti-
cles of incorporation — test of charitable corporation — when
gift for care of certain burial lots not a charity — gift to
corporation does not create trust for cemetery purposes where
only in charter of corporation is it found that gift may be
devoted to cemetery purposes — real estate, money and securi-
ties passing to corporation subject to transfer tax under section
221 of Tax Law — corporation formed to minister to needs of
one family not a charitable corporation — trust for benefit
of decedent's relations not a charitable trust — when discretion
to select beneficiaries destroys the charity.

1. It is provided by the Tax Law (Cons. Laws, ch. 60, § 221) that
any property devised or bequeathed to any religious, educational,
library, charitable, missionary, benevolent, hospital or infirmary cor-
poration, wherever incorporated, shall be exempt from and not subject
to the transfer tax, but whether a corporation comes within the
exemption must be determined from the articles of incorporation
alone.

2. The test of a charitable gift or use and a charitable corporation
is the same. In determining whether or not a gift is for a charitable
purpose the question is whether the trustee or the corporation is
bound to apply it to charitable purposes only. Whether the inclusion
of a non-charitable purpose would invalidate the trust depends upon
the purpose which runs through, permeates and colors the whole
scheme of disposition. If one or more of the purposes for which the
gift may be used is not charitable or benevolent the corporation is
not a charitable corporation and the gift is not a charitable gift.

·3. The care, maintenance, improvement and embellishment of such
burial lots or places in cemeteries, in which are interred members of a
certain family, as shall be designated and approved by at least five
directors of the corporation, provided that at least one such burial
lot or place shall. always be cared for, maintained, improved and

embellished by the corporation, is not a charity and a corporation formed with this as one of its objects ceases to be a charitable corporation.

1. The provision of the will which gives all the residue and remainder of the estate of whatever nature to the " Beekman Family Association " creates no trust for cemetery purposes, within the meaning of section 114-a of the Real Property Law and section 13-a of the Personal Property Law, where only in the charter of the corporation is it found that the gift may be devoted to cemetery purposes. It is not a trust but a devise or bequest to an existing and active corporation.

2. Real estate, money and securities passing under the will to the said corporation are not exempted but made subject to a transfer tax by the provisions of section 221 of the Tax Law.

3. A corporation formed for the purpose of educating the members of a testator's family or aiding his poor descendants or ancestors is not a charitable corporation, nor is a trust created for the benefit of the deceased's poor relatives a charitable trust. The fact that the gift is to the needy of one particular family or of the descendants of the testator or of his ancestors makes it a family matter and not one of public interest.

4. Even assuming that the descendants are very numerous and scattered into the branches of many other families, yet where a discretion is left with the directors of the corporation to make a selection of the beneficiaries, such a discretion destroys the charity.

*Matter of Beekman*, 196 App. Div. 681, reversed.

(Argued October 5, 1921; decided December 6, 1921; motion for re-argument submitted January 9, 1922; decided January 17, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1921, which reversed an order of the Nassau County Surrogate's Court assessing a transfer tax upon the estate of Gerard Beekman, deceased.

*James N. Gehrig* for appellant. The Beekman Family Association does not come within any of the provisions of section 221 of the Tax Law. (*Matter of De Peyster*, 210 N. Y. 216; *People ex rel. Wall & H. St. R. Co.* v. *Miller*, 181 N. Y. 328; *Matter of McCormick*, 216 N. Y.

100; *Matter of Mergentime,* 129 App. Div. 367; *Matter of Loeb,* 169 App. Div. 588; *Matter of Shattuck,* 193 N. Y. 446.)

*Herbert L. Fordham* for respondents. The Beekman Family Association is charitable, benevolent and public; it is not personal, private or selfish. Therefore, it is exempt from the transfer tax; and what is far more important, it cannot be dissolved and its property distributed among its members. (*Ould* v. *Washington Hospital,* 95 U. S. 303; *Matter of De Peyster,* 210 N. Y. 216; *Matter of Rockefeller,* 223 N. Y. 563; 177 App. Div. 786; *Butterworth* v. *Keeler,* 219 N. Y. 446; *Matter of Cunningham,* 206 N. Y. 601; *Matter of Robinson,* 203 N. Y. 380; *Matter of Groot,* 173 App. Div. 436; 226 N. Y. 576; *Matter of MacDowell,* 217 N. Y. 454; *Dexter* v. *Harvard College,* 176 Mass. 192; *Darcy* v. *Kelley,* 153 Mass. 433.)

CRANE, J. Gerard Beekman, a bachelor, died on November 9th, 1918, at the age of seventy-five. His only near relatives living at the time of his death were his sister, Mrs. Hoppin, and her descendants. There were no other kinsmen of nearer relationship than second cousin, one degree removed. Mr. Beekman stated in his will that his sister and her family had been amply provided for by the will of his father.

By his will, dated May 23d, 1917, he gave all of his residuary estate, amounting to nearly one million dollars, to the Beekman Family Association, a corporation organized in January, 1910, under the laws of the state of New York, " to have and to hold to the said Association, its successors and assigns forever."

The corporation having duly accepted the bequest, an order of the surrogate of Nassau county was duly made and entered imposing a tax upon the transfer thus made

pursuant to article X of the Tax Law. (Cons. Laws, ch. 60.)

The Beekman Family Association claiming that it was a charitable corporation and entitled to an exemption under section 221 of the Tax Law appealed to the Appellate Division which sustained this claim and reversed the order of the surrogate. It remains for us, therefore, to determine on this appeal which court has been correct, the Surrogate's Court or the Appellate Division, the former holding that the association is not a charitable corporation and the latter that it is.

Section 221 of the Tax Law in so far as applicable to this case enacts that any property devised or bequeathed to any religious, educational, library, charitable, missionary, benevolent, hospital or infirmary corporation wherever incorporated shall be exempt from and not subject to the transfer tax.

The articles of incorporation alone must determine whether a corporation comes within the exemption. (*Matter of De Peyster*, 210 N. Y. 216; *People ex rel. Wall & H. St. R. Co.* v. *Miller*, 181 N. Y. 328; *Matter of McCormick*, 206 N. Y. 100.)

The Beekman Family Association was incorporated under the Membership Corporations Law (Cons. Laws, ch. 35) by articles of incorporation dated the 20th day of September, 1909, the seven directors named therein being all members of the Beekman family. The principal objects for which the corporation was formed are stated in these articles to be as follows:

" 1. To pay the expense of preparatory, collegiate, and professional education or other suitable education for such members of the Beekman family as may be designated and approved by at least five directors of the corporation.

".2. To furnish pecuniary aid, exclusive of loans, to such poor and needy members of the Beekman family as may be designated and approved by at least five directors of the corporation.

1922.]          Opinion, per CRANE, J.          [232 N. Y. 365]

" 3. To receive and hold, collect and preserve family portraits and heirlooms of the Beekman family, and matter connected with the history of that family; and documents and books relating to the family, with power to add to and publish the same; and to designate and maintain a place of deposit for receiving, holding, collecting, preserving and exhibiting these portraits, heirlooms and matter connected with the history of the family, and documents and books as an undivided collection.

" 4. To care for and maintain, improve and embellish such burial lots or places in cemeteries, including the walks, fences, monuments, structures, and tombs thereon, in which are interred members of the Beekman family as shall be designated and approved by at least five directors of the corporation, provided that at least one such burial lot or place shall always be cared for, maintained, improved and embellished by the corporation.

" 5. To support, maintain and educate a person or persons other than a member or members of the Beekman family, and to contribute towards the maintenance of educational institutions otherwise than for the education of members of the Beekman family, and to contribute to charitable and benevolent uses and to religious purposes, as from time to time the Board of Directors shall deem proper and desirable; provided, however, that no such action as specified in this Section 5 shall be taken unless expressly authorized by the by-laws of the corporation and then only by the concurring vote of all and at least seven directors.

" *Third.* All lineal descendants of William Beekman, who became, in 1647, a resident of New Amsterdam, now New York City, shall be eligible to membership in the corporation if approved by a concurring vote of not less than five directors. All such lineal descendants and the wives and widows of any of them shall be included in the term ' The Beekman Family ' wherever used in this instrument."

24

The test of a charitable gift or use and a charitable corporation is the same. (*Matter of Rockefeller,* 177 App. Div. 786, 791; affd., 223 N. Y. 563.)

In determining whether or not a gift is for a charitable purpose the question is whether the trustee or the corporation is bound to apply it to charitable purposes only. (*Adye* v. *Smith,* 44 Conn. 60.) Whether the inclusion of a non-charitable purpose would invalidate the trust depends upon the purpose which runs through, permeates and colors the whole scheme of disposition. (*Nichols* v. *Allen,* 130 Mass. 211.)

If one or more of the purposes for which the gift may be used is not charitable or benevolent, the corporation is not a charitable corporation and the gift not a charitable gift.

" The principle of all these cases is, that the portion of the trust that might otherwise be construed as charitable cannot be sustained, because the trustees have an election to apply the fund to purposes not technically charitable and as to the gifts to purposes not charitable, they are held void, because too vague and indefinite to be administered by a court of equity." (*Saltonstall* v. *Sanders,* 93 Mass. 446, 451.)

The only persons to be benefited by this corporation are the members of the Beekman family. To me it seems apparent that a corporation formed for the purpose of educating the members of the testator's family or aiding his poor descendants or ancestors is not a charitable corporation. (*Matter of MacDowell,* 217 N. Y. 454; *Matter of Shattuck,* 193 N. Y. 446; *Kent* v. *Dunham,* 142 Mass. 216; *Paschal* v. *Acklin,* 27 Tex. 173; *Norris* v. *Thomson's Executors,* 19 N. J. Eq. 307.)

My associates, however, think it is unnecessary for us to decide this question at this time.

One of the purposes for which the funds of the corporation may be used is:

" 5. To care for and maintain, improve and embellish

such burial lots or places in cemeteries, including the walks, fences, monuments, structures and tombs thereon, in which are interred members of the Beekman family as shall be designated and approved by at least five directors of the corporation, provided that at least one such burial lot or place shall always be cared for, maintained, improved and embellished by the corporation."

Such a purpose is not a charity and a corporation formed with this as one of its objects, ceases to be a charitable corporation. (*Bates* v. *Bates*, 134 Mass. 110; *Coit* v. *Comstock*, 51 Conn. 352; *Piper* v. *Moulton*, 72 Me. 155; *Detwiller* v. *Hartman*, 37 N. J. Eq. 347; *Hartson* v. *Elden*, 50 N. J. Eq. 522; *Kelly* v. *Nichols*, 17 R. I. 306; Jarman on Wills, p. 167; Perry on Trusts, § 706; *Buchanan* v. *Kennard*, 37 L. R. A. [N. S.] 993.)

The articles of incorporation provide that at least one burial lot or place shall always be cared for, but within the discretion of five directors any number of such lots or places may be cared for, embellished or maintained. The amount of corporate funds which may be expended for such purposes is unlimited. Such a discretion, as well as such a purpose destroys all elements which might otherwise make the Beekman Family Association a charitable corporation. (*Norris* v. *Thomson's Executors*, 19 N. J. Eq. 307; *Nichols* v. *Allen, supra.*)

The order of the Appellate Division must, therefore, be reversed and that of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ., concur.

Ordered accordingly.

---

CRANE, J. A motion has been made for a re-argument of this case on the ground that this court overlooked sections 114-a of the Real Property Law (Cons. Laws, ch. 50) and 13-a of the Personal Property Law (Cons. Laws, ch. 41), referring to trusts for cemetery purposes.

It is true that these provisions were not referred to in our opinion; neither were they referred to by counsel in the briefs or upon the argument. We were dealing with the Tax Law (Cons. Laws, ch. 60), and what we said was with reference to the tax on transfers to a corporation created for the purpose, among other things, of maintaining and embellishing cemeteries of the Beekman family. We held that it was not a charitable corporation which exempted it from the provisions of the Tax Law relating to such taxable transfers. We have re-examined the question in the light of the sections above referred to, and see no reason for changing our opinion. Section 114-a of the Real Property Law and section 13-a of the Personal Property Law provide that gifts, grants and bequests of real or personal property in trust for the purpose of the perpetual care and maintenance, improvement or embellishment of private burial lots, in or outside of cemeteries, shall be deemed to be for charitable and benevolent uses. Strictly speaking, the will in question creates no trust for any such purpose. All the residue and remainder of the estate of whatever nature is given to the Beekman Family Association, a corporation organized in January, 1910. This is not a trust but a devise or bequest to an existing and active corporation. The will places no limitation whatever upon the use of this gift. The limitation, if any, comes solely by reason of the articles of incorporation under which the Beekman Family Association lives and acts. It is in the charter of the corporation that we find that the gift may be devoted to cemetery purposes. This was not, therefore, a trust.

But waiving this point as being a narrow construction of the statute, we must not forget that we are here dealing with a taxing statute, section 221 of the Tax Law, and find therein the exemption which the law intends to make of cemetery properties. " There shall also be exempted," reads the section, " from and not

subject to the provisions of this article personal property other than money or securities bequeathed to a corporation or association wherever incorporated or located, organized exclusively for the moral or mental improvement of men or women or for scientific, literary, library, patriotic, cemetery or historical purposes, or for two or more of such purposes and used exclusively for carrying out one or more of such purposes."

It must be assumed that as this section makes a specific exemption, stating the nature of the property bequeathed to a cemetery corporation which is to be free from the tax upon transfers, all other property devised or bequeathed to such a corporation is subject to the tax. The property here in question passing by Mr. Beekman's will to the Beekman Family Association consisted of real estate, money and securities. Such property was not exempted but made subject to the tax. Neither can we say that this corporation was created exclusively for scientific, literary, patriotic, cemetery or historical purposes. Whether or not, therefore, the corporation be a charitable corporation for other purposes, it is not such a charitable corporation as brings it within this exemption of section 221 of the Tax Law.

But the Beekman Family Association for reasons intimated by me heretofore is not a charitable corporation, and I desire to state further my reasons for this conclusion. The facts are fully set forth in the previous opinion in this case.

The persons who may be benefited by this corporation are the members of the Beekman family. To me it seems apparent that a corporation formed for the purpose of educating the members of a testator's family or aiding his poor descendants or ancestors is not a charitable corporation. (*Matter of MacDowell*, 217 N. Y. 454; *Matter of Shattuck*, 193 N. Y. 446.)

At what point in the tracing back of the ancestry or

in dealing with posterity does such a gift cease to be private and become public? The fact that in the articles of incorporation William Beekman who became a resident of New Amsterdam in 1647 is taken as a common ancestor and the beneficiaries are to be his descendants does not conclusively or even presumptively show that he has any descendants or that they are as numerous as the years which have intervened since his death. The Beekman family may or may not, so far as the record before us shows, be numerous. It may be that only a few are surviving descendants, but however this may be, the purpose of confining the benefits of this large estate to members of one family or one family tree indicates that it is not a public charity, but a private and rather personal purpose which permeates the whole. (*Carne* v. *Long*, 2 De G., F. & J. 75; *Babb* v. *Reed*, 5 Rawle, 151; *Swift* v. *Beneficial Soc.*, 73 Penn. St. 362; *Mason* v. *Perry*, 22 R. I. 475.)

We said in *Matter of MacDowell* (*supra*): " If the purpose to be attained is personal, private or selfish, it is not a charitable trust. When the purpose accomplished is that of public usefulness unstained by personal, private or selfish considerations its charitable character insures its validity." (p. 460.)

But even assuming that the descendants of this common ancestor are very numerous and scattered into the branches of many other families, yet a discretion is left with the directors of the corporation to make a selection of the beneficiaries, the immediate poor or the particular member to be educated, and this might result in turning the funds of this corporation or a large part of them to the maintenance or education of a cousin or a nephew of the testator or other near relative. Such a discretion destroys the charity. (*Norris* v. *Thomson's Executors*, 19 N. J. Eq. 307; *Nichols* v. *Allen*, 130 Mass. 211.)

Under our law a trust created for the benefit of the

1922.]        Opinion, per CRANE, J.        [232 N. Y. 365]

deceased's poor relatives or for the purpose of educating his relatives would not be a charitable trust and a corporation created for such a purpose and receiving a gift to spend in this way would not be a charitable corporation. The purpose running through this entire will as indicated by the provisions relating to education, poverty, heirlooms and cemetery plots is that only members of the Beekman family, immediate or remote, are to be beneficiaries. If immediate, the purpose is clearly non-charitable and if remote the purpose does not become public. It would be a very easy method of avoiding the Statute of Perpetuities if corporations could be created to perpetuate the family name and permit the use of the funds for the maintenance and education of near or far removed relatives. As stated before, it is impossible to draw the line between the members of one family so as to make the gift to some a private gift and the gift to others a public charity. The fact that the gift is to the needy of one particular family or of the descendants of the testator or of his ancestors makes it a family matter and not one of public interest.

In *Kent* v. *Dunham* (142 Mass. 216) the gift in the residuary clause of the will was to " Samuel Leeds and Josiah Dunham, Jr., their heirs and assigns forever, and to the survivor of them and his heirs forever, in trust, to sell, dispose of, invest, and manage the same, and appropriate such part of the principal and interest as they may deem best, for the aid and support of those of my children and their descendants who may be destitute, and in the opinion of said trustees need such aid."

It was held not to be a public charity, but invalid as tending to create a perpetuity. It was said: " It is the policy of the law to prevent indefinite accumulations of property for the benefit of individuals * * *. In the expectation of the remote contingency that there shall be a descendant who is a destitute person, the fund is

[232 N. Y. 365]          Opinion, per CRANE, J.          [Jan.,

to be permitted to accumulate, if the will of the testator is followed. If the line of descent from the testator fails, it will have been accumulated for his heirs, it may be in a remote generation. There is no general public object sufficient to justify this accumulation, in the possible advantage which the public may obtain by having the descendants of the testator protected from beggary, and thus from becoming a public charge. To establish, as a permanent charity, a provision for a single family, and thus, it may be, to permit an indefinite accumulation of property, which might eventually be solely for the benefit of the testator's heirs, and those who may claim under them, would be foreign to the general principles of our law on this subject, and cannot be justified by so slight a prospective public benefit."

This case is entirely different from a gift for a public purpose, preference being given to the members of the testator's family. Such exceptions are mentioned in the above cases. (See, also, *Paschal* v. *Acklin*, 27 Texas, 73.)

The motion for a re-argument, for the reasons here stated, should be denied, with ten dollars costs and necessary printing disbursements.

HOGAN, POUND and MCLAUGHLIN, JJ., concur, and HISCOCK, Ch. J., CARDOZO and ANDREWS, JJ., concur on ground first stated in opinion.

Motion denied.