In the Matter of the Estate of GEORGE E. DUNHAM, Deceased

Surrogate's Court, Oneida County, October, 1923.

**Transfer tax — legacy to local chapter of national inter-collegiate fraternity subject to transfer tax under Tax Law, section 221.**

A legacy to the Psi Chapter of Psi Upsilon Fraternity of Hamilton College, incorporated by chapter 193 of the Laws of 1872, for the purpose of promoting the social and literary tastes of its members and the cause of liberal education, is not exempt from a transfer tax under section 221 of the Tax Law.

TRANSFER TAX proceeding.

*C. Lansing Jones,* for executor.

*J. Ezra Hanagan,* for state tax commission.

JONES, S.   This is an appeal from the order made determining the transfer tax upon the above-entitled estate.

By the terms of the last will and testament of George E. Dunham, deceased, a legacy of $25,000 is given to Psi Chapter of Psi Upsilon Fraternity of Hamilton College.   The question to be determined is whether this legacy is subject to a transfer tax.

Psi Chapter of Psi Upsilon Fraternity of the village of Clinton, Oneida county, N. Y., was incorporated by chapter 193 of the Laws of 1872, and the purpose for which it was incorporated, briefly, is: " Promoting the social and literary tastes of its members and the cause of liberal education."

Section 221 of the Tax Law provides that property is exempt from transfer tax when devised or bequeathed to any religious, educational, library, charitable, missionary, benevolent, hospital or infirmary corporation, whenever incorporated.

The policy of the law is that all property is subject to tax unless exempted from taxation, and the statutes of exemption are strictly construed.   *People ex rel. Newburgh Savings Bank* v. *Peck,* 157 N. Y. 53; *People ex rel. Missionary Sisters* v. *Reilly,* 85 App. Div. 71; *People ex rel. Delta Kappa Epsilon* v. *Lawlor,* 74 id. 553; affd., 179 N. Y. 535.

One seeking exemption from taxation must be able to point

out the statute making such exemption; the exemption will not be inferred or assumed. *Matter of Moore*, 90 Hun, 162.

The nature of a corporation which is established by special charter is determined by the objects specified by the legislature in the incorporating act. *Matter of Mergentine*, 129 App. Div. 367; affd., on opinion below, 195 N. Y. 572; *Matter of Beekman*, 232 N. Y. 365.

Judge Crane in writing the opinion of the court in *Matter of Beekman, supra*, says: " If one or more of the purposes for which the gift can be used is not charitable or benevolent, the corporation is not a charitable corporation and the gift is not a charitable gift." It follows from this that if one or more of the purposes for which the fraternity exists is not educational, it cannot be classed as an educational corporation and be exempt from taxation. Clearly there is nothing in the law which exempts from taxation corporations established for the purpose of promoting the social tastes of its members, nor for corporations organized for the purpose of promoting the literary tastes of its members. *People ex rel. Medical Society* v. *Neff*, 34 App. Div. 83; *Matter of Deutsch*, 107 id. 192.

The statute gives a limited exemption to corporations which are formed for scientific, literary, patriotic, cemetery or historical purposes, and such corporations are given an exemption for all personal property bequeathed, other than money or securities. It is apparent that the legislature drew a distinction between religious, educational, library, charitable, missionary, benevolent, hospital or infirmary corporations, and corporations organized for scientific, literary, patriotic, cemetery or historical purposes, and provided different exemptions for the last named class of corporations. Tax Law, § 221.

I hold and decide that the legacy is subject to tax.

The order heretofore made herein determining the transfer tax is affirmed.

Decreed accordingly.