## In the Matter of the Estate of SOLOMON SHAPIRO, Deceased.

Surrogate's Court, New York County, November 14, 1929.

*Aaron S. Shapiro* [*Warren C. Fielding* and *William E. Goldman* of counsel], for the executors.

*Ehrich, Royall, Wheeler & Walter,* for Reuben Shapiro.

*Hoadley, Lauterbach & Johnson,* for Mount Sinai Hospital.

*Starr, Bublick & Cohen,* for Leonard Shapiro.

*Stroock & Stroock,* for Montefiore Hospital for Chronic Diseases.

*Alice Dillingham,* special guardian.

*Sidney Mattison,* for Jessie Mattison.

*Walter S. Doernberg*, special guardian [*Schreiber, Myers & Buchter* of counsel].

*Sylvester & Harris* [*Sidney Harris* and *Charles S. Sylvester* of counsel], for Abe Gordon.

O'BRIEN, S. In a previous decision I construed the 7th paragraph of the will of the above-named testator (134 Misc. 363). This matter has been brought before me for consideration and construction of the 4th and 5th paragraphs of testator's will. They read as follows:

"*Fourth.* I give and bequeath to ' DESCENDANTS OF LIPPE CHERNE SHAPIRO ASSOCIATION,' or to its trustees, provided said association is regularly incorporated under the laws of the State of New York and its officers and trustees are capable of receiving such bequest, the sum of Fifteen thousand ($15,000) Dollars in trust, however, for the following uses and purposes:

" (a) To invest the principal in first mortgages on real property or other securities permitted by law, and to apply the income thereof with all accumulations, if any, for the purpose of aiding and assisting any descendant of said LIPPE CHERNE SHAPIRO, whether the same is a member of the above association or not, and wherever residing, with such sums of money as gratuities as said trustees may see fit.

" (b) To use the principal of said fund for the purpose of loaning to any needy descendants of said LIPPE CHERNE SHAPIRO, whether a member of said association or not, on easy terms, such sums of money and on such terms and security, as my said Executors may deem fit.

" (c) Should, however, the said DESCENDANTS OF LIPPE CHERNE SHAPIRO ASSOCIATION at any time after my decease, be dissolved legally or otherwise, or cease to function, one-half of the principal of said trust together with one-half of the accumulations of income, if any, shall be paid over to the JEWISH UNIVERSITY OF PALESTINE in the name of SOLOMON and DORA SHAPIRO, and the other half to be distributed among my brothers and sisters then living and the issue of any deceased, share and share alike *per stirpes* and not *per capita*.

"*Fifth.* I give and bequeath also to DESCENDANTS OF LIPPE CHERNE SHAPIRO ASSOCIATION, on the condition, however, set forth in paragraph ' Fourth ' of my will, the further sum of Ten thousand ($10,000) dollars, in trust, for the following purposes:

" (a) To aid and assist financially, any descendant of LIPPE CHERNE SHAPIRO, whether a member of said association or not, who may desire to settle in Palestine, acquire farm land there by

purchase or otherwise, and to cultivate said land, and for no other purpose whatsoever. Such assistance shall be given in the form of loans, in amounts and on terms to be approved by my said trustee, with the provision, however, that upon satisfactory proof by any beneficiary of this trust that he had continually and uninterruptedly cultivated his farm for a period of five (5) years, such loan shall be considered paid and discharged and all evidence of such debt be cancelled and annulled, and said trustees are hereby authorized and directed to execute and deliver to such beneficiary, in the event aforementioned, any and all instruments which may be required to cancel such debt and to discharge the lien or encumbrance of record on said land, if any, was given originally.

" (b) Should said trust fund of Ten thousand ($10,000) Dollars be either wholly or partly unused for the purpose it is created, and should it remain so unused during the life of my wife DORA SHAPIRO, I direct my trustees, upon the decease of my wife to add the balance of this fund together with the accumulated earnings or incomes, if any, to the trust fund created by me under paragraph 'Fourth' of this my Will, to be used for the purposes therein set forth."

Argument was had and briefs submitted. The contention of the objectants was that these paragraphs 4th and 5th are invalid because they unlawfully suspend the power of alienation. The executors originally contended that these trusts could be sustained under the theory that they were charitable. However, it is now conceded by all the parties that the trusts which testator attempted to create by these paragraphs of the will are not charitable in their nature. I so hold. (*Matter of Beekman*, 232 N. Y. 365.) A further contention made by the executor is that no trust is created and that the bequests should go directly to the beneficiaries named therein.

An analysis of the paragraphs in question makes clear that such a contention is untenable. The testator in clear and unmistakable language attempts to create trusts for the benefit of the " descendants of Lippe Cherne Shapiro Association," a proposed corporation to be formed under the laws of this State, and then adds " in trust, however, for the following uses and purposes," specifying these purposes. I hold that these trusts are invalid in that they embody an unlawful suspension of the power of alienation beyond the statutory period. I hold, further, that said trusts make no outright gift to the beneficiaries named therein. A further question remains to be determined and that is what disposition is to be made of the funds intended for such void trusts. Paragraph 4th (subdivision " c ") and paragraph 5th (subdivision " b ") make provision for a distribution under the present circumstances of said funds. The

trusts are invalid and void and the association described in said paragraphs has not been formed. If formed it would necessarily " be dissolved legally or otherwise " or would " cease to function." Thus under said respective subdivisions " c " of paragraph 4th and " b " of paragraph 5th said funds must be paid over, one-half to the Jewish University of Palestine in the name of Solomon and Dora Shapiro and one-half to testator's brothers and sisters living at the time of testator's death and to the issue of any of deceased, share and share alike *per stirpes* and not *per capita*. Proceed accordingly.