JOHN MARKLE, EDWARD M. ROBINSON, CHARLES A. MCKENDREE, AND ADA DAVIS SIGLAR, AS EXECUTORS OF THE ESTATE OF MARY R. MARKLE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50142. Promulgated May 31, 1933.

*Russell D. Morrill, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

204

SMITH: Section 303 of the Revenue Act of 1926 provides in part as follows:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

    \*       \*       \*       \*       \*       \*       \*

(3) The amount of bequests \* \* \* to a trustee or trustees \* \* \* exclusively for \* \* \* charitable purposes, \* \* \*

The respondent has disallowed the deduction of the bequest paid to the Knickerbocker Hospital under article eighth of the decedent's will for the reason that it was not limited to charity and therefore did not come within the provisions of section 303 (a) (3) of the Revenue Act of 1926.

A cardinal principle in the interpretation of wills is that they shall be construed to effectuate the intention of the testator. It has been said that " what is a charitable gift " has been given " an amount of discussion that probably no other one question in our jurisprudence has received." *Reeves* v. *Reeves*, 73 Tenn. (5 Lea) 644. The books are replete with definitions of widely varying terms and scope, no one of which has yet received general acceptance. A definition quoted with approval as frequently as any other is:

A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in nature. [*St. Louis Union Trust Co. et al., Executors*, 21 B.T.A. 1201.]

The Supreme Court said in *Perrin* v. *Carey*, 24 How. 465: " Charity is rather a matter of description than definition." In any event, one element common to definitions as to descriptions of charitable gifts is the implication of public utility. *In re MacDowell*, 217 N.Y. 454; 112 N.E. 177.

Undoubtedly the law favors charitable bequests. *Ould* v. *Washington Hospital*, 95 U.S. 313. Likewise Congress intended to encourage bequests for the purposes mentioned in the quoted statutory provision. *St. Louis Union Trust Co. et al., supra*, reversed in part on other grounds by the United States Circuit Court of Appeals, Eighth Circuit, *St. Louis Union Trust Co.* v. *Burnet*, 59 Fed. (2d) 922; *Herron* v. *Heiner*, 243 Fed. (2d) 745. So that, if a general charitable purpose is manifest within the limits of the testator's language,

a broad and liberal construction should be applied to that language and the gift upheld. *In re MacDowell, supra; In re Dubrow's Estate*, 245 N.Y. 469; 157 N.E. 747.

Nevertheless, liberal as the courts generally are in such cases, a real intent of the testator to make a legally charitable bequest must be found in order to validate it. Thus, " as to the purpose, it is not enough that the founder has cherished or even disclosed a charitable intent. It is not the mere benevolence of a lover of his kind which will infuse vitality to this provision. There must be derivable from the instrument of gift a purpose ' charitable ' within the measure which the law has imposed upon that word." *Matter of Davis*, 77 Misc. Rep. 72; 137 N.Y.S. 427. Also see *Owens* v. *Methodist Episcopal Church Missionary Society*, 14 N.Y. 380.

Much of the stipulation refers to extrinsic facts and testimony intended to establish them. In so far as this extrinsic testimony of record tends to place this Board in the situation in which the testator stood, *when the will was made*, we hold it entitled to consideration, if the will was latently ambiguous or has been made so by extrinsic testimony. *Gilmer* v. *Stone*, 120 U.S. 586.

However, we believe the intention of the testator in reference to the challenged bequest, as expressed in the will itself, is sufficiently clear and unambiguous, under the foregoing rules of construction, to bring it within the stated exemption. Nor have we overlooked the rigidity of the rule in construing exemptions from taxation. Cf. *J. W. Perry Co.* v. *Norfolk*, 220 U.S. 472; *Great Northern R.R. Co.* v. *Minnesota*, 216 U.S. 206; 2 Cooley on Taxation, 4th Ed., sec. 672.

The amount of the bequest is legally sufficiently certain. *Speer* v. *Colbert*, 200 U.S. 130. The actual use to which the gift was appropriated by the executors is not determinative of the issue. *St. Louis Union Trust Co. et al., supra*, reversed on other grounds. Unless the discretion of the executors is limited, exclusively, to the expenditure of the fund for a legally charitable purpose it will not be upheld. *In re Beekman's Estate*, 232 N.Y. 365; 134 N.E. 183; *St. Louis Union Trust Co.* v. *Burnet, supra*.

Here, under any circumstances, although the form of the memorial was left to the discretion of the executors, if not completed or at least selected by the testator before her death, it was, in any event, to fill the description of " suitable memorial " to her mother. In its reversal of this Board in *St. Louis Union Trust Co. et al., supra*, the Circuit Court of Appeals for the Eighth Circuit, by way of dictum, held that a bequest in trust for the establishment of a fitting memorial to a person excludes the concept of private benefaction and is therefore legally charitable. Cf. *Bates* v. *Bates*, 134 Mass. 110, possibly *contra*.

The controverted clause before us adds the preference that the gift be used " for a distinctive purpose such as the erection of a building or other permanent improvement which shall bear my mother's name." Persuasive of a generally charitable purpose as the objects of the controverted clause are said to be, they do not sufficiently identify the testator's intention as legally charitable. But the disputed paragraph then proceeds " If, in the exercise of their judgment, it seems advisable to use only a portion of the amount stated for the erection and equipment of the memorial, they may set aside the remaining balance in an Endowment Fund, the income to be used for the maintenance of the memorial." Thus, not as a mandate for the disposition of the fund at all events, but as definitely descriptive of the use to which this sum shall be appropriated, the testator clearly limits the discretion of the executors to " a suitable memorial " to her mother, to which the income of an endowment fund for *its* maintenance would be effectual.

Webster defines endowment as:

1. An act of endowing, or bestowing a power, fund, or permanent provision for support.

2. That which is bestowed or settled on a person or an institution; property, fund, or revenue permanently appropriated to any object; as, the *endowment* of a college.

3. That which is given or bestowed upon the person or mind; gift of nature; natural capacity or power; talents; usually in plural.

Bouvier states that its generally accepted meaning is that " of a permanent provision for any public object, as a school or hospital. By the endowment of such institutions is commonly understood, not the building or providing sites for them, but the providing of a fixed revenue for their support. 25 L.J. Ch. 82; 6 De G., M. & G. 87; *State* v. *Lyon*, 32 N.J.L. 361." Bouvier's Law Dictionary (Rawle's Revision), vol. 1, p. 1039. Cf. *Saltonstall* v. *Saunders*, 11 Allen, (Mass.) 446. Circumscribed by its context, " Endowment Fund," as here used, obviously meant merely a fund the income from which was to maintain *the memorial*. Even so limited, unless such bequest was legally charitable, it would fail as a violation of the rule against perpetuities. *Bates* v. *Bates*, *supra;* cf. ch. 42, Personal Property Law of New York; *Jones* v. *Habersham*, 107 U.S. 174; *In re Olmstead's Will*, 131 Misc. Rep. 238; 226 N.Y.S. 637.

We conclude that the $200,000 bequest in issue is a legal deduction from the gross estate under section 303 (a) (3) of the Revenue Act of 1926.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

ARUNDELL, MURDOCK, and MATTHEWS concur in the result.

VAN FOSSAN and SEAWELL dissent.