In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against MOUNT PLEASANT WESTCHESTER CEMETERY CORPORATION, Respondent.

Supreme Court, Special Term, Westchester County, June 28, 1955.

*Philip Feldblum, Paul F. Reilly* and *George E. Moehinger* for petitioner.

*Herbert A. Mossler* for respondent.

EAGER, J. This is an application by the New York State Labor Relations Board for an order of this court enforcing an order of the board, dated October 29, 1954, as against the respondent Mount Pleasant Westchester Cemetery Corporation. The board's order sought to be enforced, directed the respondent to recognize the Cemetery Workers & Greens Attendants' Union, Local 365, B. S. E. I. U., A. F. of L. (hereinafter referred to as the Union) as the exclusive bargaining representative of the gravediggers and maintenance employees employed by respondent and to bargain collectively with such Union as such representative of said employees. There is a cross motion by the respondent for an order of this court decreeing (1) that the respondent is a " charitable corporation " within the meaning of the provisions of section 715 of the Labor Law and, therefore, not subject to the provisions of the New York State Labor Relations Act (Labor Law, art. 20); (2) that the board has no jurisdiction over the respondent; and (3) that the proceedings before the board against the respondent, and the board's orders, certifications, etc., in re the respondent, be vacated and set aside.

It appears that a representative proceeding was taken before the board for the purpose of seeking certification of the Union as the bargaining representative of the gravediggers and maintenance employees employed by the respondent. In such proceeding, the board directed an election, and, following an election resulting in a vote favorable to the Union, issued its certification

of the Union as representative of certain employees of respondent.

The respondent refused to recognize and bargain with the Union, and thereupon an unfair labor practice proceeding was instituted before the board. Following a hearing, the board, on October 29, 1954, issued the order aforesaid now sought to be enforced by this court.

The respondent, from the inception of the proceedings before the board, has challenged the jurisdiction of the board, claiming that it is a " charitable corporation " exempt from the operation of the said New York State Labor Relations Act (hereinafter referred to as the Act). The board, however, overruled the contention of the respondent, expressly finding that the respondent is not a " charitable corporation " within the meaning of the Act.

The issue before the court is whether or not the board has jurisdiction over the respondent by virtue of the provisions of the Act. If said Act does not apply to the respondent, the board is without jurisdiction, and its application to this court is to be denied. Section 715 of the Labor Law provides that the Act shall not apply to " employees of charitable, educational or religious associations or corporations; except that the provisions of this article shall apply to employees of charitable, educational or religious associations or corporations whose services are performed in connection with the operation of a building owned or operated by such an association or corporation and used or occupied as a commercial or industrial enterprise operated for the production of profit, irrespective of the purposes to which such profit may be applied, and which employees are not engaged in the charitable, educational or religious activities of such association or corporation."

There is no provision in the Act defining the term " charitable corporations " as used therein.

The determination by the board with respect to whether or not the Act applied to the respondent was rendered following hearings at which there was duly presented evidence with respect to the respondent's purposes and activities. In support of its order, the board expressly found as a fact that, " Respondent is not engaged in charitable work and is not a charitable corporation ", and concluded as a matter of law that the " respondent is not a charitable corporation within the meaning of Section 715 of the Act." The determination of the board in this connection " is to be accepted by the courts ' if it has " warrant in the record " and a reasonable basis in law. * * * The

judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ' (*Rochester Tel. Corp.* v. *U. S.,* 307 U. S. 125, 146)." (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108. See, also, *Red Hood Cold Storage Co.* v. *State Dept. of Labor,* 295 N. Y. 1, 9.)

This court concludes that the determination of the board is clearly in accord with the facts and the law. It appears that the respondent was incorporated in 1927, as a cemetery corporation under the Membership Corporations Law. It owns, maintains and operates in the County of Westchester a nonsectarian cemetery known as Mount Pleasant Westchester Cemetery. The cemetery contains nearly 100 acres, a substantial portion of which is now developed into sections and plots for graves. The respondent is actively engaged in the sale of sections, plots, graves, plants and flowers and in the performance of services incidental to the operation of a cemetery. The respondent employs salesmen on a commission basis in connection with the sale of plots and graves. Sales of sections, plots and graves are at prices in excess of book cost, and the respondent charges prices in excess of cost for flowers, plants and services. It does appear, however, that some fourteen graves, out of the thousands in the cemetery, have been allotted to a certain other membership corporation for free burials.

The respondent claims that it is a charitable corporation in that it is a nonprofit corporation, and public and nonsectarian. True, it is organized to operate without profit to its members and so operates, and its graves and services are opened to the general public, but it is not thereby entitled to classification as a charitable corporation.

The purposes and objects of a corporation are set out in its charter or certificate of incorporation, and, therefore, it is clear that whether or not a particular corporation is a charitable corporation is to be determined from its charter or certificate of incorporation. (*Matter of Beekman,* 232 N. Y. 365.) The certificate of incorporation of respondent specifies that it is formed for the purpose of maintaining and operating a cemetery, and to acquire and improve lands for such purpose, and there is nothing in its certificate to indicate that it was to engage in charitable activities.

There seems to be no case decisive upon the question of whether or not the respondent is, generally speaking, a charitable corporation. The board, in a well-written opinion, duly referred to many authorities having a bearing upon the question,

and counsel have furnished the court with exceptionally well-prepared and complete briefs upon the subject. The court, however, does not consider it necessary to review the decisions cited, for the conclusion that respondent does not come within the category of a charitable corporation is readily reached on general principles. It is clear, in the first place, that the burial of the dead, and the maintenance of premises for this purpose, are not regarded as charitable activities, that is, where the work is engaged in for reasonable compensation. Proper interment and the maintenance of the grave of a deceased is a private matter to be arranged for and carried out by his family, subject, of course, to reasonable regulation by the State. The matter of burials and maintenance of graves may acquire the status of charitable work only in those cases where the services are furnished for free or at a mere nominal consideration, or where the work is supported in whole or in part by public funds. The services rendered by this respondent are, however, charged for in full and it is not publicly endowed or supported. The space allotted in its cemetery for free burials is insignificant and without effect. There is no reasonable basis for respondent's contention that its activities are charitable in nature.

The application of the board is granted and the cross motion denied.

Submit order on notice.