Ruth **GREENBERG**, etc., et al., Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 81–1793–CIV–WMH.**

United States District Court,
S.D. Florida.

July 29, 1982.

Richard Josepher, Schwartz & Nash P.A., Miami, Fla., for plaintiffs.

Ileana M. Romeau, Tax Div., Dept. of Justice, Washington, D.C., for U.S.

### FINAL SUMMARY JUDGMENT

HOEVELER, District Judge.

THIS CAUSE comes before the Court on the cross motions for summary judgment brought by the plaintiffs, the executors of the Estate of Rex Rand and the defendant, the United States of America.

These motions arise out of a suit brought to recover estate taxes paid to the Internal Revenue Service. The plaintiffs maintain the amounts paid were over and above the taxes actually owed by the Estate of Rex Rand. Specifically, the dispute focuses on whether or not a legally acceptable charitable trust was created by the terms of the testator's will. Plaintiffs contend that the estate was wrongfully denied the benefits of the charitable deduction provision of the Internal Revenue Code of 1954, § 2055(a)(3). The government argues that the bequest was not charitable in nature and thus, not eligible for deductions under the Code.

The testator's original will in paragraph 4 declared:

"*Fourth:* It is my desire that John Vassos and Leonard H. Marks, to whom I have given and bequeathed 10% of my net

estate in trust, shall use the said proceeds, within their discretion, for the purpose of establishing a memorial in my memory. Such memorial shall relate to the radio broadcast industry and may embrace, within the sole discretion of the said trustees, contributions to the existing radio organizations, donations or grants for the purpose of improving the standard of quality of radio broadcast programs, or any similar or like matter that they feel will be appropriate. The said trustees shall not be required to post a bond or be accountable for the administration of this fund."

The subsequent discovery of another will resulted in delay in the probate of the will in question. On April 25, 1977, all the devisees entered into an agreement and settled the issues presented to the estate resulting from the presence of two wills. That settlement, incorporated by reference the disputed provision and further stated:

"Under Article Fourth of the Original Will, the residuary interest devised to John Vassos and Leonard H. Marks, as trustees, is to be used by them in their fiduciary discretion for the purpose of establishing a memorial in the memory of Rand, intending to qualify as a charitable organization pursuant to Section 501(c)(3) of the Internal Revenue Code of 1954, as amended. The parties hereto agree to fund this trust in the percentage set forth under subparagraph (c) of paragraph 2 hereon and such share shall not be charged with any estate, inheritance, succession and transfer taxes, together with any interest or penalty thereon, which are assessed by reason of the death of Rand and imposed by the Government of the United States or any state or territory thereof, or by any foreign government, territory or political subdivision thereof; provided, however, Leonard H. Marks and John Vassos shall first devise an appropriate and specific plan to carry out the intentions of Rand under Article Fourth of the Original Will and obtain an Order of the Circuit Court, Dade County, Florida, reforming the terms and provisions of said Article Fourth so that said specific

devise shall qualify for the federal estate tax charitable deduction pursuant to Section 2055 of the Internal Revenue Code of 1954.

On July 13, 1977, the original will was finally admitted to probate. Thereafter, the Estate paid to the IRS the requisite estate taxes, including the amounts that are the subject of this case.

The government argues that a charitable deduction was rightfully denied, since the will in its wording does not explicitly state that the trust is to be used exclusively for charitable purposes. The IRS fears that the claimed ambiguity allows the executors and beneficiaries to "rewrite the will so as to achieve tax savings." See defendant's memorandum at page 12.

Secondly, the defendant maintains that extraneous evidence should not be admitted to clear up any questions surrounding the desires of the deceased. The defendant seeks to exclude from consideration an affidavit submitted by the plaintiffs. In that affidavit, the testator's attorney reported on the conversations that he had with the deceased and the thinking behind the disputed provision. The government contends that such conversations are hearsay and should not provide a basis for the court's judgment.

The Court concludes that the testator's intent can be gathered from within the four corners of the testamentary instrument. Therefore, the government's arguments regarding the affidavit of attorney Marks need not be reached. Paragraph four, fairly read, establishes a charitable trust. The words establishing the memorial, read in combination, rather than as isolated phrases, clearly evince a desire to improve broadcasting for the public betterment. The words of gift, joined with the "purpose of improving the standard of quality of radio broadcast programs, makes this devise a means of patronizing the broadcast arts.

The closest case to the one at bar is *Markle v. Commissioner,* 28 B.T.A. 201 (1933). Defendant correctly notes that *Markle* relied upon stipulated facts, outside

the text of the will, to glean the testator's intent to give exclusively to charity. That distinction, however, is irrelevant, since the Rand will does not suffer from the same ambiguity. The Markle will provided for alternative grants, while the Rand will states one object, and one object alone, the advancement of the art of radio communication. The *Markle* case does not stand for the proposition that a charitable devise can take place without the use of specifically charitable words. The Court in Markle stated:

> "... the intention of the testator in reference to the challenged bequest, as expressed in the will itself, is sufficiently clear and unambiguous, under the foregoing rules of construction, to bring it within the stated exception. 28 B.T.A. 201, 205."

This Court's inquiry must proceed from the testator's intent and not from the presence or absence of certain words. Having examined the Rand will, and after having considered the record in this case, the Court is convinced that the deceased intended the trust to be exclusively devoted to the advancement of radio and for the public's greater appreciation of it. To hold otherwise, would be to frustrate the testator's intent.

Section 2055(a)(3) of Title 26 U.S.Code provides for the allowance of an estate tax deduction "... only if such contributions or gifts are to be used by such trustee or trustees, ... exclusively for religious charitable, scientific, literary or educational purposes..."

I think it fair to conclude that the victory of substance over form results in justice in tax cases as well as in other areas. Without reference to the attorneys affidavit, the intent of the testator seems clear and the obligation of the trustees reasonably well set. If recourse to the affidavit is proper, which I find unnecessary to decide, any incipient question of intent appears resolved. It is therefore,

ORDERED AND ADJUDGED that final summary judgment be and it is hereby entered in favor of the plaintiffs in the amount of TWENTY NINE THOUSAND TWO HUNDRED SIXTY FOUR AND 00/100 DOLLARS ($29,264.00), exclusive of interest and costs.

IT IS FURTHER ORDERED that defendant's motion be and it is hereby denied.

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of July, 1982.