OPINION OF THE COURT
Hugh A. Gilbert, S.
The issue raised herein is whether a broad discretionary charitable bequest with no specific beneficiary designated qualifies for a New York State estate tax charitable deduction. After a number of specific bequests the testatrix made a residuary bequest to her executor with the direction that he “dispose of such rest, residue and remainder of my estate for charitable and/or educational purposes in such manner as he shall deem fit and proper.”
The New York State Tax Commission has determined that the lack of a designated charitable corporation as the beneficiary thereof means that the bequest fails to qualify for a New York State estate tax charitable deduction.
Subdivision (a) of section 955 of the New York Tax Law qualifies a bequest for a charitable deduction if it would be “allowable in determining his federal taxable estate under the internal revenue code”. Therefore, the provisions of section 2055 of the Internal Revenue Code of 1954 (US Code, tit 26, § 2055) are incorporated by reference into our State estate tax determinations. The State Tax Commission interprets section 2055 to require that no Federal charitable deduction would be allowed if there were not a qualified charitable corporation designated to receive the bequest. It points to the language of section 2055 (subd [a], par [2]) authorizing the deduction for bequests “to or for *41 the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes” (emphasis added).
This court determines, however, that not only section 2055 (subd [a], par [2]) is to be considered but all other subdivisions thereof. All the subdivisions should be considered in accordance with “the elementary canon of construction that a statute should be interpreted so as not to render one part inoperative.” (Colautti v Franklin, 439 US 379, 392.) It is true that section 2055 (subd [a], par [2]) requires a corporate beneficiary to be a qualified charitable corporation. (St. Louis Union Trust Co. v United States, 374 F2d 427; Helvering v Union Trust Co., 125 F2d 401.) But that subdivision is determinative only if a specific corporate beneficiary is selected in the will. If no such beneficiary is selected and the issue concerns the charitable nature of the enumerated purposes, section 2055 (subd [a], par [3]) becomes relevant.
Section 2055 (subd [a], par [3]) authorizes a charitable deduction for general bequests designated exclusively for charitable or educational purposes. It is the statutory standard to be applied to the instant will since its focus is “on the use of the funds, rather than the character of the beneficiary of the funds.” (First Nat. Bank v United States, 681 F2d 534, 539.)
The bequest herein would qualify as a valid charitable trust in accordance with the broad and liberal definitions of “charitable” as intending to improve the general public welfare. (Old Colony Trust Co. v Welch, 25 F Supp 45; Bank of Carthage v United States, 304 F Supp 77.) Testamentary language is to be construed most favorable toward the sustaining of charitable bequests. (Young Men’s Christian Assn. v Davis, 264 US 47; Matter of McCoy, 374 F Supp 1321; Farmers Trust Co. v United States, 458 F Supp 94.)
The lack of a specific beneficiary or specific limitations upon the discretion of the fiduciary does not negate the general charitable intent of this bequest. (Beggs v United States, 27 F Supp 599; Greenberg v United States, 557 F Supp 21.) The fiduciary is under an obligation to apply the funds to charitable and/or educational purposes. Furthermore, the Attorney-General and courts of this State will *42 require him to do so. (EPTL 8-1.1, subd [f]; Bankers Trust Co. v United States, 308 F Supp 545; Matter of Hamilton, 270 App Div 634.)
For the reasons set forth herein, the bequest granting the fiduciary unlimited discretion in applying the residue of the estate to charitable and/or educational purposes shall qualify for a New York State estate tax charitable deduction.