In the Matter of the Application of NEWTON CREEK TOWING COMPANY for a Certiorari Order against WALTER W. LAW, JR., and Others, Constituting the State Tax Commission.

Third Department, May 2, 1923.

Taxation — franchise tax — corporation organized for towing under Manufacturing Act of 1848, as amended, and actually engaged in business of towing on Hudson river is taxable under Tax Law, § 184, relating to transportation corporations.

A corporation which was organized under the Manufacturing Act of 1848, as amended, for the purpose of towing or propelling canal boats and other boats on navigable rivers and canals of this State, and for the purpose of owning vessels to be used in towing other vessels and which has actually been engaged in towing boats on the Hudson river, is a transportation corporation within section 184 of the Tax Law and is subject to the franchise tax imposed by that section.

CERTIORARI ORDER granted out of the Supreme Court at the Albany Special Term on the 27th day of July, 1922, and entered in the office of the clerk of the county of Albany, directed to Walter W. Law, Jr., and others, constituting the State Tax Commission, commanding them to certify and return to said clerk's office all

14

and singular their proceedings had in assessing a franchise tax under section 184 of the Tax Law against the relator, based on the business transacted by the relator during the thirteen years ended June 30, 1921.

*Paul Bonynge* [*Raymond C. Thompson* of counsel], for the petitioner.

*Carl Sherman*, Attorney-General [*C. T. Dawes*, Deputy Attorney-General, of counsel], for the respondent.

HASBROUCK, J.:

The petitioner by a certiorari order has brought here for review the action of the State Tax Commission in assessing an additional franchise tax against the petitioner.

The petitioner was organized in 1889 as a corporation under the Manufacturing Act of 1848 (Laws of 1848, chap. 40), as amended, which has been superseded by the Business Corporations Law, and in its certificate of incorporation it stated the objects for which the corporation was formed as follows: " For  *  *  *  towing or propelling canal boats, vessels, rafts or floats on the canals and navigable rivers of the State of New York by steam power  *  *  *; also for  *  *  *  constructing, owning and using vessels and machines to be employed for hire in towing vessels carrying freight and passengers." The business which it has done is that of towing.

There is no claim that the petitioner was organized as a corporation under any of the provisions of statutes which have been revised in the Transportation Corporations Law as amended. (See Birdseye, C. & G. Consol. Laws [2d ed.], 8978 *et seq.*) It claims that because not so organized it is not a transportation corporation and not amenable to the tax imposed by section 184 of the Tax Law. (See McKinney's Consol. Tax Law, 236.) That section provides by name certain of the transportation corporations which are taxable and then provides for the taxation of " every other transportation corporation." (Tax Law, § 184, as amd. by Laws of 1914, chap. 334.) The tax imposed is on the corporation " for the privilege of carrying on the business in a corporate capacity within the State of New York." (*People ex rel. Cornell Steamboat Co.* v. *Sohmer*, 235 U. S. 558.)

It has been held in this State that when a corporation does a business unauthorized by its charter it is taxable to the same extent as a corporation which possesses the right to do such business. (*People ex rel. Coney Island Jockey Club* v. *Sohmer*, 155 App. Div. 842; *People ex rel. Tiffany & Co.* v. *Campbell*, 144 N. Y. 166; *People ex rel. Western Electric Co.* v. *Campbell*, 145 id. 587;

*People ex rel. Cornell Steamboat Co.* v. *Sohmer*, 206 id. 651.)   To hold otherwise would be to abandon the principle which to obtain justice is much resorted to in the law, that no man should be permitted to score an advantage on the foundation of his own wrong.

The decisive question in this controversy is, were the gross earnings received by the petitioner those from transportation or did the petitioner function as a corporation of that character?

This question is not to be solved by deciding whether or not the steam towboat is a common carrier (*Wells* v. *Steam Navigation Co.*, 2 N. Y. 204; *Alexander* v. *Greene*, 3 Hill, 9) or whether such towboat is required, in the handling of a tow, to exercise ordinary and reasonable care or the greatest care of which human foresight is capable (*Caton* v. *Rumney*, 13 Wend. 389), but by deciding whether towing is transporting or an agency or means by which transportation is effected. (*Gloucester Ferry Company* v. *Pennsylvania*, 114 U. S. 213.)   For if towing be transporting then the petitioner comes within the description of the statute, "every other transportation corporation," and should claim no favor or immunity not enjoyed by corporations organized under the Transportation Corporations Law.

The derivation of the English word "transport" is in the Latin tongue "trans," signifying over, and "portare," signifying to carry.   Transport has been defined in the law by the English word "remove." (38 Cyc. 946; *Columbia Conduit Co.* v. *Commonwealth*, 90 Penn. St. 309.)

It seems to me that since the result of transportation in the instant case is not accomplished except by the use of a steam tugboat such tugboat is engaged in transportation, doing the business in part at least of transporting.   We think, too, that the plying of a steam tug upon the waters of the Hudson river and arms of the sea constitutes navigation; that functioning as a navigating corporation has the effect of bringing the petitioner within the terms of section 184 of the Tax Law.

Upon the record the case of *People ex rel. Cornell Steamboat Co.* v. *Sohmer* (206 N. Y. 651) is on all fours with the case at bar. It constitutes authority for holding a corporation organized under the Business Corporations Law and its antecedent statutes to be a transportation corporation within the language of section 184 of the Tax Law.

While the applicability to the case at bar of the cases relating to the taxation of the right to inherit under the Transfer Tax Law (Tax Law, art. 10, as amd.), cited by the appellant, may not be denied (*Matter of Beekman*, 232 N. Y. 368), and are apparently inconsistent in principle with the decision of the State Tax Com-

mission in the case at bar, yet they relate to an entirely different subject of taxation and cannot be held to furnish a guide for the Commission in the face of cases directly upon the point like those hereinbefore cited.

We think the determination of the State Tax Commission should be confirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Determination unanimously confirmed, with fifty dollars costs and disbursements.