People ex rel. N. Y. & Albany Lighterage Co. v. Cantor.    451

App. Div. 451]            First Department, March, 1924.

The People of the State of New York ex rel. New York and Albany Lighterage Company, Appellant, v. Jacob A. Cantor and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

First Department, March 7, 1924.

Taxation — classification of transportation and transmission corporations in Tax Law, § 184, is to be determined by act under which corporation is organized — corporation organized under Business Corporations Law to own lighters without motive power and rent same is not transportation corporation — said corporation is subject to franchise tax under Tax Law, § 209, and is exempt from local taxation under Tax Law, § 12, by virtue of Tax Law, § 219-j.

The classification of taxable corporations in section 184 of the Tax Law which provides for the taxation of transportation and transmission corporations, which are exempted from taxation under article 9-A of the Tax Law by section 210 thereof, is to be determined by recourse to the act by or under which the corporation was incorporated or to its charter and the statute under the authority of which it was framed and not by the actual business done by the corporation in its corporate capacity.

Accordingly, a corporation organized under the Business Corporations Law to own lighters without motive power and to rent the same for hire for the lighterage of freight under contract is not a transportation or transmission corporation within the meaning of section 184 of the Tax Law and is not taxable thereunder.

Said corporation is subject to a franchise tax under section 209 of the Tax Law and by virtue of section 219-j of the Tax Law is exempt from local assessment on its personal property or on its capital stock and surplus under section 12 of the Tax Law.

Appeal by the relator, New York and Albany Lighterage Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of March, 1923, dismissing a writ of certiorari and confirming a personal property assessment against the relator for the year 1921.

*Winifred Sullivan,* for the appellant.

*George P. Nicholson, Corporation Counsel [William H. King* of counsel; *Charles E. Lalanne* with him on the brief], for the respondents.

McAvoy, J.:

The appellant was assessed in 1921 by the State Tax Department on its net income under section 209 of article 9-A of the Tax Law. After that assessment by the State, the city also made an assessment for municipal taxation, for the year 1921, on the personal property

of the relator at $15,000 under section 12 of the Tax Law. The relator claims its right to have this local tax vacated and annulled, because it was a corporation subject to taxation by the State Tax Commission under section 209 of article 9-A of the Tax Law and was exempt under section 219-j of said article from local assessment on its personal property or on its capital stock and surplus. Application was made to the defendants, the commissioners of taxes and assessments of the city of New York, to cancel this assessment upon the grounds just stated, and this relief having been denied and the assessment confirmed, this proceeding was begun through a writ of certiorari to review and annul the determination of the tax commissioners and vacate the assessment.

Petitioner's property consists of a number of lighters without any motive power, and its business consists of letting these boats for hire and using them for the lightering of freight under contract.

In July, 1920, petitioner was notified by the Tax Department of the State of New York that it was required to file a report for the purpose of taxation under article 9-A of the Tax Law, and such report was duly filed.

In the month of November, 1920, petitioner was notified by the commissioners of taxes and assessments of the city of New York that it was assessed for municipal taxation in the sum of $15,000 on its personal property. Thereafter petitioner was advised by the State Tax Department that it was taxable under article 9-A of the State Tax Law, and its tax under said article has been fixed on its net income, at four and one-half per cent, for the preceding year for which petitioner has received a bill from said Department.

The primary question which this litigation presents is: Does the classification of taxable corporations in section 184 of the Tax Law relate to the actual business done by the corporation in its corporate capacity, or is the classification to be determined by recourse to the act by or under which it was incorporated or to its charter and the statute under the authority of which it was framed?

Article 9-A of the Tax Law (added by Laws of 1917, chap. 726), as amended by chapter 628 of the Laws of 1919 and chapter 640 of the Laws of 1920, provided for a franchise tax on business corporations, payable to the State Comptroller, and by section 219-j thereof it was provided that corporations taxable thereunder should not be assessed on any personal property or on capital stock as provided for in section 12 of the Tax Law. The article applied to all business corporations, except those referred to in section 210 of the article.

Section 210 specified as exempt from the provisions of the

People ex rel. N. Y. & Albany Lighterage Co. *v.* Cantor.   453

App. Div. 451]          First Department, March, 1924.

article " corporations wholly engaged in the purchase and sale of, and holding title to, real estate for themselves, corporations whose sole business consists of holding the stocks of other corporations for the purpose of controlling the management and affairs of such other corporations, except such as are specifically subject to report under the provisions of subdivision nine of section two hundred and eleven of the Tax Law, and corporations liable to tax under sections one hundred and eighty-four to one hundred and eighty-nine inclusive of this chapter, banks, savings banks, institutions for savings, title guaranty, insurance or surety corporations."

Section 184 provides for taxation of " transportation and transmission corporations," and the defendants contend that lighterage corporations, such as the relator herein, are transportation corporations and liable to a tax under section 184, and hence are not taxable under article 9-A and are taxable locally on personal property, as excepted by section 210 from a franchise tax measured by income imposed by article 9-A and not entitled to the exemption from local assessment granted by section 219-j of that article.

Section 184 of the Tax Law (as amd. by Laws of 1914, chap. 334) describes the nature of corporate bodies subject to levy of a tax under its provisions:

" Additional franchise tax on transportation and transmission corporations and associations. Every corporation and joint-stock association formed for steam surface railroad, canal, steamboat, ferry, except a ferry company operating between any of the boroughs of the city of New York under a lease granted by the city, express, navigation, pipe line, transfer, baggage express, telegraph, telephone, palace car or sleeping car purposes, and every other transportation corporation not liable to taxation under sections one hundred and eighty-five or one hundred and eighty-six of this chapter, shall pay for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this State, an annual excise tax or license fee which shall be equal to five-tenths of one per centum upon its gross earnings within this State, which shall include its gross earnings from its transportation or transmission business originating and terminating within this State, but shall not include earnings derived from business of an interstate character."

Section 185 (as amd. by Laws of 1917, chap. 710) imposes the additional franchise tax on elevated railroads or surface railroads not operated by steam, and section 186 (as amd. by Laws of 1919, chap. 548) on water works companies, gas, electric or steam heating, lighting and power companies, all incorporated under special statutes or special provisions of general statutes.

The plan of the statutes of the State relating to corporations

454 PEOPLE EX REL. N. Y. & ALBANY LIGHTERAGE CO. *v.* CANTOR.

First Department, March, 1924. [Vol. 208

in respect of their organization and administration has divided them into classes and enacted separate directions governing each class. In many instances, too, the classification of the Legislature in tax laws for the purposes of taxation has been determined by the classifications for incorporation, *i. e.*, organization and administration. Thus religious corporations are not necessarily inclusive of all corporate societies organized for religious purposes. Prior to the granting of the specific exemption to missionary societies they were held not to be religious corporations within the meaning of tax exemption acts giving an exemption to religious corporations, because they are not organized under the Religious Corporations Law, although their functions may be religious in general characterization. (*Matter of Watson*, 171 N. Y. 256.)

The test for determination of the nature of the corporation so as to fix a tax or exempt therefrom, has been the particular act or acts under which it was organized; not the purpose of its organization. (*Matter of De Peyster*, 210 N. Y. 216.)

Section 184 of the Tax Law, quoted heretofore, which imposes an additional franchise tax on transportation and transmission corporations and associations, enumerates specifically the various classes of corporations provided for in the Transportation Corporations Law and other like statutes, and can only apply, therefore, either to corporations organized under that act, or to corporations specifically mentioned therein not so organized unless there be either legislative or judicial authority which gives a contrary rule. We can find none, excepting a recently decided case entitled *Matter of Newton Creek Towing Co.* v. *Law* (205 App. Div. 209), decided in the Third Department. The corporation there, however, was organized under the Manufacturing Act of 1848 (Laws of 1848, chap. 40, as amd.), before there was a classification of corporations such as was effected by section 2 of the General Corporation Law enacted in 1892, and it doubtless came within the purview of the Tax Law because of section 2 of the present General Corporation Law, which states that: " A reference in a general law to a class of corporations described in accordance with this classification shall include all corporations theretofore formed belonging to such class."

The corporation involved in *Matter of Newton Creek Towing Company* case would thus be brought by the quoted provision of section 2 of the General Corporation Law, into the classification of a transportation corporation, since it was organized prior to the establishment of the present classification and belongs to a class described in accordance therewith.

The relator is incorporated under the Business Corporations

Law * and conducts a private business of lighterage by special contract. It has no special privilege in respect of making use of the streets and highways of the city, nor is it deriving benefit through solicitation of public business, nor has it the privilege of condemning land as an agency of the State in exercising the authority of eminent domain. There is no reason then for its being included within the classification of transportation companies which pay a tax in addition to their common tax for some special privilege which they exercise.

The relator, therefore, was not excluded from taxation under article 9-A, section 209, and was properly taxed by the State Tax Department. By section 219-j of article 9-A it is provided that corporations taxable under that article shall not be assessed on any personal property, or on capital stock.

The order should be reversed, with ten dollars costs, and the assessment canceled, with costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and assessment canceled, with costs and disbursements. Settle order on notice.

---

* See now Stock Corporation Law of 1923 (Consol. Laws, chap. 59; Laws of 1923, chap. 787). See, also, Laws of 1923, chap. 787, §§ 2, 3, 5.—[REP.