THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK AND ALBANY LIGHTERAGE COMPANY, Respondent, *v.* JACOB A. CANTOR et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants.

**Tax — meaning of words " every other transportation corporation " in section 184 of Tax Law — corporation formed under act other than Transportation Corporations Law included — corporation incorporated under Business Corporations Law for purpose of conducting general freight lighterage business a transportation corporation exempt from franchise tax but taxable under section 12 of Tax Law.**

1. The words " every other transportation corporation " contained in section 184 of the Tax Law (Cons. Laws, ch. 60) refer to corporations whose objects are not specified in the section but which have a like purpose to those specifically mentioned whether formed under the Transportation Corporations Law or not. So a corporation formed under some other act for the purpose of transportation or navigation transfer is included.

2. A corporation, organized under the Business Corporations Law to engage in the business of lightering, loading, unloading, receiving, transferring, storing and forwarding by boat, car or in any other way

all kinds of goods, wares and merchandise and every kind of commercial commodity, with all the powers necessary or incident to a general lighterage and forwarding business and for certain other business purposes, and whose business after incorporation consisted in operating barges and conducting a general freight lighterage business in the city of New York where it has its office, is taxable under section 209 of the Tax Law. While not organized under the Transportation Corporations Law the business in which it is engaged and the purposes for which it is formed constitute navigation or transportation or transfer or all of these, and being formed for navigation transfer or transportation purposes no franchise tax is imposed upon it and it is, therefore, taxable under section 209.

*People ex rel. N. Y. & Albany Lighterage Co.* v. *Cantor,* 208 App. Div. 451, reversed.

(Argued September 30, 1924; decided November 25, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 15, 1924, which reversed an order of Special Term dismissing a writ of certiorari to review an assessment of relator's personal property for the year 1921, sustained said writ and directed the cancellation of said assessment.

*George P. Nicholson, Corporation Counsel (William H. King* and *Charles E. Lalanne* of counsel), for appellants. The relator is not a corporation within the provisions of article 9-A of the Tax Law, as amended by chapter 628, Laws of 1919. (*People ex rel. Post & McCord, Inc.,* v. *Cantor,* 231 N. Y. 552; *People ex rel. Turner Constr. Co.* v. *Cantor,* 231 N. Y. 610; *People ex rel. Hodkinson Corp.* v. *Cantor,* 206 App. Div. 698.) The relator fails to show that it was not a transportation corporation taxable under section 184 of the Tax Law. (*Matter of Newtown Creek Towing Co.* v. *Law,* 205 App. Div. 209; 237 N. Y. 578; *People ex rel. Interborough, etc., Co.* v. *Sohmer,* 207 N. Y. 275; *People ex rel. Cornell Steamboat Co.* v. *Sohmer,* 206 N. Y. 651).

*Winifred Sullivan* for respondent. At the time of the assessment for the 1921 municipal tax respondent was

**66** People ex rel. N. Y. & A. L. Co. *v.* Cantor.

[239 N. Y. 64]        Opinion, per Andrews, J.        [Nov.,

exempt from local taxation on its personal property. (*Matter of Watson,* 171 N. Y. 256; *Matter of De Peyster,* 210 N. Y. 216; *Union Bank* v. *Keim,* 52 App. Div. 135; 169 N. Y. 587; *Wilson* v. *Tennent,* 61 App. Div. 100.) Respondent is not of the class of corporations intended to be subjected to the additional franchise tax. (*Ripin* v. *U. S. Woven Label Co.,* 205 N. Y. 447; *People ex rel. I., etc., Co.* v. *Sohmer,* 207 N. Y. 275; *People ex rel. Mutual Trust Co.* v. *Miller,* 177 N. Y. 51.)

Andrews, J. Sections 209 and 210 of the Tax Law (Cons. Laws, ch. 60) impose a franchise tax upon every domestic mercantile and manufacturing corporation except certain corporations specifically enumerated. Corporations so taxed are relieved from all further taxes on personal property or on capital stock. (Sec. 219J.) If excepted, however, a corporation is taxable under section 12. Among such latter corporations are " every corporation * * * formed for steam surface railroad, canal, steamboat, ferry * * * express, navigation, pipe line, transfer, baggage express, telegraph, telephone, palace car or sleeping car purposes, and every other transportation corporation " not owning or operating an elevated or a surface railroad not using steam, or formed to supply water or gas, or for electric or steam heating, lighting or power purposes. (Tax Law, section 184.)

Our General Corporation Law [Cons. Laws, ch. 23, sec. 2], provides that stock corporations shall be either (1) moneyed corporations, (2) railroad or other transportation corporations or (3) business corporations. Transportation corporations under the act relating thereto are ferry corporations, navigation corporations, pipe line corporations and corporations of some seven similar classes. Had section 184 simply referred to railroad or transportation corporations, then doubtless it would have affected only corporations formed under the Railroad or Transportation Corporation Acts, or corporations theretofore

formed belonging to such classes. (*Matter of White*, 118 App. Div. 869; *Matter of Watson*, 171 N. Y. 256; *Matter of De Peyster*, 210 N. Y. 216.) We would then need to refer to the articles of incorporation to determine whether or not a corporation was so organized. (*Matter of Beekman*, 232 N. Y. 365.)

Section 184, however, has broader scope. It does speak of " every other transportation corporation," but it also speaks of corporations organized for various purposes, some included within the Railroad and Transportation Corporation Acts and some which necessarily must be incorporated under the Business Corporations Law. " Every other transportation corporation " must, therefore, refer to corporations whose objects are not specified in the section but which have a like purpose to those specifically mentioned whether formed under the Transportation Corporations Law, such as stage, tramway, terminal and turnpike corporations, or not. So a corporation formed under some other act for the purpose of transportation or navigation or transfer is also included. Whether or not a corporation is organized under the Transportation Act is not determinative. And what may be the purpose for which a corporation was organized is settled by its articles of incorporation.

The findings before us, which have been unanimously affirmed, show that the relator was incorporated in 1909 under the Business Corporations Law. (Cons. Laws, cb. 4.) Its purpose was " to engage in the business of lightering, loading, unloading, receiving, transferring, storing and forwarding by boat, car or in any other way all kinds of goods, wares and merchandise and every kind of commercial commodity, with all the powers necessary or incident to a general lighterage and forwarding business at and beween the port of New York and other ports and places, without engaging in the transportation of freight as a common carrier or in carrying passengers for hire; to repair, build, buy, own and operate

and charter in said lighterage and forwarding business barges, canal boats and any vessel, craft or machine used in or in connection with lighterage, forwarding or construction work " and for certain other business purposes. And thereafter its business consisted in operating barges and conducting a general freight lighterage business in the city of New York where it has its office.

In October, 1920, the board of taxes and assessments of the city of New York duly assessed the relator under section 12 of the Tax Law. The latter objected claiming to be exempt from such taxes under section 219J of the same act. To enforce this claim it thereafter obtained a writ of certiorari. The Special Term dismissed this writ and confirmed the assessment. The Appellate Division has held, however, that the writ should be sustained and that the assessment upon the relator's personal property should be vacated. Upon an appeal from an order thereafter entered the matter comes before us.

The order of the Appellate Division must be reversed and that of the Special Term affirmed. While not organized under the Transportation Corporations Law the business in which it is engaged and the purposes for which it is formed constitute navigation or transportation or transfer or all of these. (*Matter of Newtown Creek Towing Company* v. *Law,* 205 App. Div. 209; affd., 237 N. Y. 578.) It is a business not dissimilar in character to that conducted by a baggage express company. Since its incorporation its only property has been barges without motive power, but its business has consisted in chartering the barges to others or lightering freight from steamships from southern ports to points on the sound, on the Hudson river or in New Jersey. It is not a common carrier but that fact is not material. (*Matter of Newtown Creek Towing Company* v. *Law, supra.*) Being formed for navigation transfer or transportation purposes no franchise tax is imposed upon it and it is, therefore, taxable under section 209. Having held that this cor-

poration was organized for navigation transportation or transfer purposes it is not necessary for us to determine whether a corporation not organized for such purposes but actually engaged in such business is or is not excepted from the tax imposed by section 209.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to the appellants in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Order reversed, etc.