In the Matter of the Application of CHARLES E. CHALMERS, as Receiver of the Properties of the SECOND AVENUE RAILROAD COMPANY IN THE CITY OF NEW YORK, Petitioner, for an Order of Certiorari Directing the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK (Department of Public Service, State Division), Respondent, to Certify and Return All Proceedings of the Said Public Service Commission in the Matter of the Petition of CHARLES E. CHALMERS, as Receiver as Aforesaid, that INTERBOROUGH RAPID TRANSIT COMPANY and NEW YORK RAILWAYS CORPORATION Be Required to Furnish and Provide Safe, Adequate, Just and Reasonable Electricity, etc.*

Van Kirk, P. J., Hinman, Davis and Hill, JJ., concur; Hasbrouck, J., dissents, with a memorandum.

HASBROUCK, J. (dissenting). Charles E. Chalmers, receiver of the Second Avenue Railroad Company of New York, has filed a petition with the Public Service Commission of the State to require the Interborough Rapid Transit Company and New York Railways Corporation to furnish him electrical service at a just and reasonable charge and complaining that the rates charged the petitioner are unjust and unreasonable. The Commission dismissed the petition upon the ground of lack of jurisdiction. The case comes here upon an order of certiorari. All parties agree that the single question presented for solution is whether the railroad respondents are electrical corporations within the purview of the Public Service Commission Law. That law has defined in subdivision 13 of section 2 an electrical corporation. " The term ' electrical corporation,' when used in this chapter, includes every corporation, company, association, joint-stock association,

---

partnership and person, their lessees, trustees or receivers appointed by any court whatsoever (other than a railroad or street railroad corporation generating electricity solely for railroad or street railroad purposes or for the use of its tenants and not for sale to others) owning, operating or managing any electric plant except where electricity is generated or distributed by the producer solely on or through private property for railroad or street railroad purposes or for its own use or the use of its tenants and not for sale to others." When a street railroad corporation sells electricity to others than parties specified in the statute to whom it may sell it constitutes itself an electrical corporation. How many " others " it is necessary to sell to or how much electricity the statute does not specify. The fact is admitted by the Interborough Transit Company (See Exhibit No. 4) that during the year ending June 30, 1926, besides selling to the *receiver* petitioner it sold to the Powers-Kennedy Contracting Company, J. G. Congreve, J. Schlesinger and the Slattery Engineering Company. It is also admitted by the New York Railways Corporation, which changes alternating current into direct current, that during the year ending June 30, 1926, it sold electric power to the Pavonia Building Corporation, 621 Broadway Corporation, Cable Building, New York Edison Company, and Lexington Building. It is true that the amount of power sold to others may be inconsiderable in amount or incidental but that is not for the seller to determine; it is for the Public Service Commission. (§ 66, subd. 13.) When the Public Service Commission has determined that the sale to others is subsidiary and incidental, even then it has no power to exorcise an electrical corporation defined as above from its status as such. The function of the Commission is to make general rules exempting such electrical corporations from making full reports and from keeping of accounts as to such subsidiary or incidental business. (§ 66, subd. 13.) Once the railroad or street railroad corporation establishes itself as an electrical corporation by a sale of electric power to others it comes within subdivision 2 of section 5 of the Public Service Commission Law,* and under subdivision 5 of section 66.* The question is one involving the public interests. Can railroad corporations be permitted to exploit purchasers of power without restriction? Should they be permitted to compete without restriction with corporations which have but the one power to generate and sell electricity? I can see no difference in principle between cases like the one at bar and those taxation cases where business corporations are taxed as transportation corporations when they do a transportation business, except that here the statute recognizes them for what they are when they " sell to others." (*People ex rel. Cornell Steamboat Co.* v. *Sohmer*, 206 N. Y. 651; *Matter of Newton Creek Towing Co.* v. *Law*, 205 App. Div. 209, 211.) I vote to reverse the order.

* Amd. by Laws of 1921, chap. 134.— [REP.