ROCHE'S BEACH, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78259. Promulgated May 7, 1937.

*Jacob Mertens, Jr., Esq.,* for the petitioner.

*J. E. Marshall, Esq., S. L. Young, Esq.,* and *L. W. Creason, Esq.,* for the respondent.

# 1090

HARRON : No question is raised regarding the nature of the Edward and Ellen Roche Relief Foundation as a charitable organization exempt from taxation. The sole question is whether the petitioner corporation is exempt from taxation within the provisions of either subsection (6) or (14) of section 103 of the Revenue Act of 1928.[1]

Both subsections (6) and (14) of section 103 limit exemption from taxation to corporations *organized exclusively* for stated purposes. It is a principal of the law of private corporations that "the particular classification within which a corporation falls depends upon the purposes for which it is formed and the powers conferred upon it. The purposes for which it is organized are primarily to be sought and found in its charter or certificate of incorporation * * *." See Fletcher, Cyclopedia of the Law of Private Corporations, 1931, vol. 1, § 71. Thus in the case of *In re Beekman's Estate*, 232 N. Y. 365; 134 N. E. 183, in a proceeding involving exemption of a corporation from the New York Tax Law, it was held that the articles of incorporation alone must determine whether a corporation comes within the exemption. See also, *In Re De Peyster's Estate*, 210 N. Y. 216; 104 N. E. 714; *People, ex rel, New York & Albany Lighterage Co.* v. *Cantor*, 239 N. Y. 64; 145 N. E. 741. The Circuit Court of Appeals, Second Circuit, in *Sun-Herald Corporation* v. *Duggan*, 73 Fed. (2d) 298, has stated that the word "organized" in section 103 (14) of the Revenue Act of 1928 means "incorporated" and not "operated" and pointed out that the use of the word "operated" in addition to the "organized" in subdivisions (4), (6), (9), and (12) of the same section, "indicates that 'organized' was not intended to have the meaning of 'operated' * * *." See also *Stanford University Book Store* v. *Helvering*, 83 Fed. (2d) 710, where exemption under section 103 (6) was denied. There the articles of incorporation showed that the association was organized for the purpose of carrying on a general mercantile business for the accommodation of students and faculty so that the corporation was not "a corporation organized and operated exclusively for educational purposes." The principle involved is clear that to determine whether a corporation falls within any stated class, it is necessary to look to the charter of the corporation to see what the purposes of the particular cor-

---

[1] SEC. 103. EXEMPTIONS FROM TAX ON CORPORATIONS.

 \* \* \* \* \* \* \*

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual ;

 \* \* \* \* \* \* \*

(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title.

poration are and whether they are such as to bring the corporation within a described class.

In this proceeding, examination of the charter of the petitioner corporation shows that it was organized only for purposes related to carrying on various kinds of business, including carrying on the business of a bathing beach or public amusement resort. Its purposes, summarized in the findings of fact above, are not exclusively for charitable purposes or for holding title to property, collecting income therefrom, and turning over the entire proceeds to an organization itself exempt from taxation. It is evident that Edward Roche, deceased, intended that all the stock of the petitioner corporation should be held by the trustees for the Relief Foundation and that the corporation should be a medium for producing income for the Relief Foundation. However, the exemption here claimed is limited by statute to corporations *organized exclusively* for stated purposes and this petitioner corporation appears to have been organized for the purpose of carrying on various types of business. The stockholders have the power to change the type of business in their own discretion to any of the enterprises permitted by the certificate of incorporation. Section 103 (6) and (14), in our opinion, does not permit us to give consideration to intent or circumstances outside of the charter of the corporation. Section 103 (6) is applicable to corporations which are both organized and operated exclusively for stated purposes, including charitable purposes. The difficulty in this proceeding is that the petitioner corporation, while operated to produce income for charitable uses and although it held title to property and collected income therefrom through various rentals in the taxable year, was not organized for any of these purposes exclusively in so far as its certificate of incorporation shows. Also, the certificate of incorporation of the petitioner corporation leaves it within the discretion of the board of directors to determine and direct the use and disposition of any net earnings or surplus and to set apart out of any of the funds of the corporation available for dividends reserves for any purpose other than dividends and to determine in its own discretion when dividends shall be paid. Such wide powers as to the use of earnings are not consistent with the single purpose of turning over the entire net income to an organization itself exempt from taxation, as section 103 (14) seems to require. The record indicates in a general way that net earnings of the petitioner corporation were paid over to the Relief Foundation, but there is not positive proof that all the net earnings were so used. See *Citizens Water Works, Inc.*, 33 B. T. A. 201.

The petitioner relies strongly on the decisions in *Unity School of Christianity*, 4 B. T. A. 61; *Sand Springs Home*, 6 B. T. A.

198; and *Trinidad* v. *Sagrada Orden de Predicadores*, 263 U. S. 578. In all of these cases the charters of the corporations involved showed that the corporations were organized for either religious, educational, benevolent, charitable, or scientific purposes. The Sand Springs Home Corporation was organized as an eleemosynary corporation. In the *Unity School* case this Board held that a corporation *otherwise exempt from tax* is not deprived of exemption because it carries on competitive activities in furtherance of its predominant religious and charitable purposes. Those cases are distinguishable on the facts from this proceeding and do not serve to support petitioner's contentions.

It is therefore held that the petitioner corporation fails to meet the requirements of both subsections (6) and (14) of section 103, and the determination of the respondent is sustained. See *Sun-Herald Corporation* v. *Duggan*, *supra*.

*Decision will be entered for the respondent.*