SARATOGA HARNESS RACING, INC., Appellant, v CITY OF SARATOGA SPRINGS et al., Respondents.

Third Department, December 30, 1976

*David W. Morris (Ernest B. Morris of counsel), for appellant.*

*LeRoy T. Walbridge* for City of Saratoga Springs, respondent.

*Stillman & Griset (Philip Stillman* of counsel), for Capital District Regional Off-Track Betting Corporation, respondent.

*Edward A. Tracy* for County of Saratoga, respondent.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for New York State Tax Commission, respondent.

GREENBLOTT, J. Plaintiff is a licensed operator of pari-mutuel harness race meetings in Saratoga Springs, New York. Defendants, City of Saratoga Springs, County of Saratoga and the New York State Tax Commission imposed taxes on plaintiff's admissions of 15%, 15% and 4%, respectively. Defendant Capital District Regional Off-Track Betting Corporation (hereinafter OTB), commenced operations pursuant to statutory authority on August 11, 1975. Subdivision 1 of section 130 of article VI of the New York State Off-Track Pari-Mutuel Betting Law (L 1926, ch 440, as amd by L 1973, ch 346, § 4, L 1974, ch 139, § 3) provides that "no locally imposed taxes on admissions to harness or running races shall be in the aggregate more than three per centum of such admissions on and

after the first day that off-track pari-mutuel betting is conducted or continues to be conducted *in such locality imposing the tax* by a regional corporation, pursuant to this article, established for the region in which such races are conducted" (emphasis added), and goes on to require such regional corporation to reimburse any county, city or town for any reduction in admission tax revenues resulting from the operation of the statute.

Following the rejection of plaintiff's demand that defendants City of Saratoga Springs and County of Saratoga reduce their admission taxes, plaintiff commenced this action seeking declaratory judgment that the tax of 15% imposed by the city and the county is null and void, that OTB be required to reimburse the city and the county and that the Miscellaneous Tax Bureau be ordered to compute its tax as though the combined local taxes are 3%. Plaintiff's contention that the statute requires defendants County of Saratoga and City of Saratoga Springs to reduce their admission taxes turns upon the argument that "betting is conducted * * * in such locality imposing the tax" and it is urged that this test is met by virtue of the fact that bets with OTB are placed via telephone and originate from both the County of Saratoga and the City of Saratoga Springs. Defendant OTB contends that the statutory phrase refers only to the site at which it has established operating facilities to receive, record and pay out bets. In support of plaintiff's contention it is urged that the statute is ambiguous and therefore should be construed in favor of the taxpayer.

In our view, plaintiff misconstrues the rule of statutory construction. A taxpayer is not entitled to offer an unreasonable or irrational interpretation of a statute, and thereby claim that the statute is ambiguous. Plaintiff claims that its interpretation creates an ambiguity, and urges that its construction, as the one more favorable to the taxpayer, must be adopted. A statute will be construed in favor of a taxpayer only if the alternative interpretations which are advanced have a legitimate claim to reasonableness. Plaintiff's interpretation of the word "conduct" as used in conjunction with "betting" is unreasonable because it would require us to judicially amend the statute to read that "no taxes shall exceed three percent on the first day that an off-track bet is taken from a resident of, or a person using a telephone in the County of Saratoga or the City of Saratoga Springs". The

location of the bettor at the time he places his bet is immaterial in the same sense that no reasonable person would consider that the famous betting parlors of London (assuming they are permitted to take bets from non-Britishers) are conducting betting in any other country from which someone might place a bet by telephone or cable. That this conclusion is reasonable is buttressed by the fact that prior to the amendment added by chapter 139 of the Laws of 1974, the phrase "in such locality imposing the tax" did not appear in the statute. In recognition of the fact that the language of the statute prior to amendment was indeed amenable to an interpretation such as that presently urged by plaintiff, the Legislature added the quoted phrase to remove any doubt that the statutory reduction of admission taxes was not meant to apply to a county, city or town in which a regional off-track betting corporation did not have established facilities for taking off-track bets.

In view of our decision on this question, we need not discuss the issue of whether the court had jurisdiction over defendant New York State Tax Commission, Miscellaneous Tax Bureau. We also note that the order appealed from does not grant a dismissal of the complaint as against defendants County of Saratoga and City of Saratoga Springs, nor does it declare the rights of the parties. In view of the court's power to grant any type of appropriate relief, and its obligation in an action for declaratory judgment to specify the rights of the parties (CPLR 3017), the decision, finding the statute in question to be inapplicable to the defendants City of Saratoga Springs and County of Saratoga should have resulted in a judgment to the same effect. The order appealed from will therefore be reversed, the motion to dismiss denied, and judgment will be directed to be entered declaring subdivision 1 of section 130 of article VI of the New York State Off-Track Pari-Mutuel Betting Law (L 1926, ch 440, as amd by L 1973, ch 346, § 4, and L 1974, ch 139, § 3) to be inapplicable to the defendant County of Saratoga and the defendant City of Saratoga Springs, so long as the present state of facts continue.

The order should be reversed, the motion to dismiss denied, without costs, and judgment directed to be entered declaring that the 15% tax admission at plaintiff's harness racing facility as imposed by defendants City of Saratoga Springs and County of Saratoga is lawful on and after the 11th day of August, 1975.

KOREMAN, P. J., MAHONEY, MAIN and HERLIHY, JJ., concur.

Order reversed, motion to dismiss denied, without costs, and judgment directed to be entered declaring that the 15% tax on admission at plaintiff's harness racing facility as imposed by defendants City of Saratoga Springs and County of Saratoga is lawful on and after the 11th day of August, 1975.