■ In the Matter of RVA TRUCKING, INC., Petitioner, v STATE OF NEW YORK STATE TAX COMMISSION, Respondent.— Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* sustained franchise tax assessments imposed under Tax Law article 9.

Petitioner is a New York corporation engaged primarily in performing subcontracting work on road construction and other major construction sites, providing services in connection with excavation work at such sites. It employs approximately 20 dump trucks, along with other construction equipment, in the process of loading, hauling and dumping earth, gravel, asphalt and spoil. In addition to its earth-moving endeavors, petitioner also provides snow-removal services. Petitioner is seeking to be classified as a business corporation under Tax Law article 9A, rather than a transportation corporation under Tax Law article 9 (as it is now denoted by respondent), so that it may avoid paying franchise taxes imposed by Tax Law §§ 183 and 184. After a full administrative hearing, respondent, following an earlier determination *(Matter of Pitts Trucking,* TSB-H-84 [34] c), found that petitioner's activities constituted "trucking" and "transportation" as those terms are used in Tax Law §§ 183 and 184. In this CPLR article 78 proceeding, petitioner challenges that determination and calls for cancellation of deficiency notices issued by the Audit Division of the Department of Taxation and Finance and for a refund of franchise tax payments it made on the grounds that respondent's decision was affected by an error of law and was not supported by substantial evidence.

The words of a tax statute are to be construed in favor of a taxpayer only when there is a legitimate ambiguity *(Saratoga Harness Racing v City of Saratoga Springs,* 55 AD2d 295, 297,

*affd* 44 NY2d 980); otherwise they are to be given their plain meaning (McKinney's Cons Laws of NY, Book 1, Statutes § 76). Tax Law §§ 183 and 184 impose a franchise tax on corporations principally engaged in a "transportation or transmission business", including "trucking" (Tax Law § 183 [1]; § 184 [1]). Respondent quite reasonably defined "transportation" as comprehending "any real carrying about or from one place to another" and "trucking" as generally involving "the process or business of carting goods on trucks" *(Matter of Pitts Trucking, supra; see, Matter of Newton Creek Towing Co. v Law,* 205 App Div 209, 211, *affd* 237 NY 578). That petitioner's activities fit within these definitions is undeniable. The use of "trucking" in petitioner's name and its declaration on its franchise tax reports that trucking is its principal business suggests that even petitioner considers itself within the terms. A contrary conclusion would be irrational given that 65% of petitioner's gross receipts derive from the loading, hauling and dumping of construction materials and debris both on and off construction jobsites. Even some of petitioner's snow-removal business involves transporting snow.

As for petitioner's argument that respondent's definition of transportation is so expansive that logically extended it would include moving materials by shovel and wheelbarrow, it is sufficient to note that the statutes in question refer to trucking, not manually propelled equipment or human labor (Tax Law § 183 [1]; § 184 [1]).

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.