JOHN MEEHAN, *Ex. vs.* MARIA HURLEY *et al.*

JUNE 13, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. This bill in equity is brought by the executor of the will of Mary J. Kennedy, late of East Providence, praying for instructions relative to his duty under the fourth clause of said will. All of the interested parties have been made respondents.

The cause being ready for hearing for final decree has been certified by the Superior Court to this court for determination as required by § 4968, General Laws, 1923.

By the fourth clause of her will the testatrix gave and bequeathed "to Mrs. Maria Hurley of East Providence, her heirs, administrators and assigns, the sum of Five Hundred ($500) Dollars in trust however, said money to be used until the fund is exhausted in the purchasing of flowers which I hereby direct my executor shall place every year at Easter, Decoration Day and Christmas upon my grave." The question has arisen as to the validity of the trust created by this clause,—the trustee contending that it is valid and the residuary legatee claiming that it is void on account of violating the rule against perpetuities. The court will carry into effect the intention of the testatrix if it can be done without violence to established rules of law.

The clause in question creates a private trust and not a charitable one. We have frequently held that a private trust to insure the care of testator's own burial lot is invalid as being contrary to the rule against perpetuities. *Kelly* v. *Nichols*, 17 R. I. 306; *Sherman* v. *Baker*, 20 R. I. 446; *Shippee* v. *Industrial Trust Co. et al.*, 43 R. I. 115; *Todd et al* v. *St. Mary's Church et al.*, 45 R. I. 282. This is in accord with the general rule. *McCartney et al* v. *Jacobs, Ex.* (Ill.) 4 A. L. R. 1120. If a testator is not permitted to create a private trust for the perpetual care of his burial lot, with greater reason should he be prevented from creating a private trust for placing flowers upon his grave for an indefinite length of time. The testatrix did not direct her executor to procure perpetual care of her burial lot. As the intention of the testatrix to have flowers placed upon her grave for an indefinite length of time cannot be carried into effect, it would seem that the executor, in the exercise of his discretion, ought to procure perpetual care for her burial lot under authority of General Laws 1923, § 5582. *Todd et al* v. *St. Mary's Church et al., supra.*

The trustee argues that she could exhaust the $500 by purchasing flowers within seven years. A trustee is required to exercise prudence in the management and expenditure of a trust fund. *Peckham et al* v. *Newton et al.*, 15 R. I. 321. The trust fund was given to the trustee "her heirs, administrators and assigns." The testatrix evidently intended that the fund would not be exhausted in many years by purchasing flowers for her grave, three time a year. The flowers were to be purchased for such an indefinite length of time that the duration of the trust might well extend beyond the term of "a life or lives in being and twenty one years" and consequently the trust is void because repugnant to the rule against perpetuities. In *McCaig* v. *University of Glasgow*, 1907 Sess. Cas. 231, it was held that a trust for the purpose of erecting and maintaining forever artistic monuments and statues of the testator and members of his family was invalid.

Our determination is that for the reasons stated said fourth clause is void.

On June 24, 1930, at 9 o'clock, a. m., Standard time, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court.

*William H. Foley,* for complainant.

*David B. Lovell, Jr., Curran, Hart, Gainer & Carr,* for Society of St. Vincent de Paul of Providence.

*Mortimer G. Cummings, Frank F. Pinkos,* for Maria Hurley.