DAVID E. FITZGERALD, TRUSTEE
*vs.*
EAST LAWN CEMETERY, INC., ET AL.

Superior Court      New Haven County      File No. 55992

MEMORANDUM FILED JULY 22, 1939.      126 Conn. 286

*John FitzGerald*, of New Haven, for the Plaintiff.

*Charles Lyman,* of New Haven; *Albert Herrman,* of New Haven; *Louis Evans,* of New Haven; *Russell H. Atwater,* of New Haven.

O'SULLIVAN, J.   Dwight W. Tuttle of East Haven died on November 4, 1932, leaving a will, the following portion of which the plaintiff desires to have construed: "I do give, de-vise and bequeath to my wife, Bertha E. Tuttle the sum of Seven Thousand Dollars, Five Thousand Dollars of which is to be expended in the erection of a Memorial Chapel to my de-ceased mother, with suitable inscription, and to be known as The Tuttle Memorial Chapel.   Said Chapel to be erected in East Lawn Cemetery in East Haven, Conn.   And the income of the remaining Two Thousand Dollars to be used for the care and custody of the same."

The foregoing language clearly indicates an intention to create a trust whose purpose is to erect and maintain a monu-ment, in the form of a chapel, to the memory of the testator's mother.   At common law, such a trust would be invalid unless it was limited to the period of perpetuities.   *Bates vs. Bates,* 134 Mass. 110; *Meehan vs. Hurley,* 51 R.I. 51, 150 Atl. 819; Re-statement, Trusts, §374(h).

To meet this situation which apparently had been brought to a head by the case of *Coit vs. Comstock,* 51 Conn. 352, the leg-islature, in 1885, passed an act which was later incorporated into a statute of the vintage of 1684, now appearing as section 5000 of the General Statutes, Revision of 1930.   It is provided therein that all estates which have been granted for the preser-vation, care, and maintenance of any cemetery, cemetery lot or monuments thereon, shall forever remain to the uses to which they have been granted. Thus was permitted, it seems to me, the realization of a noble characteristic of man, respect for the memory of the dead.   And in adopting the statute cited, the legislature quite apparently was endeavoring to eliminate the inconsistency of the law which would uphold as valid a trust to pave a street while denying an affectionate child the privilege of honoring his mother's memory or of caring for her grave.

The present case falls squarely within the statute, and hence is a valid trust.

The East Lawn Cemetery, Inc., is private in nature.   In

1933, the directors met and passed a vote declining for various reasons to accept the "legacy" under the will of the testator. Some time later this vote was rescinded and another was passed to accept the "legacy."

These actions of the corporation have little, if any, bearing on the validity of the trust. As long as permission to erect the chapel is given, no concern need be had as to the votes referred to.

The questions propounded in the complaint are answered as follows:

(a) A valid trust was created.

(b) No.

(c) Yes.

(d) and (e) need no answers.